## WADE et al. v. DORIUS et al.

No. 3198.   Decided June 6, 1918.   (173 Pac. 564.)

1. EVIDENCE—PAROL EVIDENCE—DEED. Although a warranty deed made in the form prescribed in Comp. Laws 1907, section 1981, conveys whatever appurtenances pertain to the land, where such a deed is silent as to what are the appurtenances conveyed by it, parol testimony is admissible to prove an appurtenant right of way.[1] (Page 313.)

2. EASEMENTS—EVIDENCE OF RIGHT OF WAY—SUFFICIENCY. Where right of way claimed by grantee as appurtenant to the land was not specifically described in the deed nor marked on the ground, the fact that at the time of sale wagon tracks were visible on the claimed right of way, there being no showing by whom made and for what purpose, is not alone sufficient to show a permanent right of way as appurtenant to the adjacent land so as to establish grantee's right thereto as an appurtenance passing by the deed, since easements do not pass as appurtenant to land unless apparent, obvious, visible, and continuous.[2]   (Page 314.)

---

[1]*Egelund* v. *Fayter*, 51 Utah, 579, 172 Pac. 313.
[2]*Rollo* v. *Nelson*, 34 Utah, 116, 96 Pac. 263, 26 L. R. A. (N. S.) 315.

3. EASEMENTS—RIGHT OF WAY—CONVEYANCE—APPURTENANCES—
   DEED. Where grantors conveyed land to D. with a right of way over
   an adjoining strip of land owned by them and later conveyed land on
   the other side of the strip to W., the deed to W., although not
   specifically mentioning any right of way over the strip, conveyed,
   as an appurtenant easement, so much of the land embraced in the
   strip as was reasonably necessary as a means of ingress and egress
   to and from the land so conveyed.[1]  (Page 316.)

4. EASEMENTS—RIGHT OF WAY—EXTENT OF BURDEN OF SERVIENT
   ESTATE. Where plaintiffs had an appurtenant right of way over a
   strip of land and the defendant owners built a garage thereon, leav-
   ing fifteen feet open for travel, defendants would not be compelled
   to remove the garage as an obstruction of the right of way, since,
   the space remaining being sufficient for egress and ingress, to allow
   more would impose an unjust burden on the servient estate.  (Page
   316.)

Appeal from the District Court of Salt Lake County, Third
District; *Hon. Wm. H. Bramel,* Judge.

Action by Caroline A. Wade and another against Julia
Dorius and another.

Judgment for plaintiffs.  Defendants appeal.

REMANDED with instructions to modify the decree.

*Ephraim Hansen* for appellants.

*W. I. Snyder* for respondents.

THURMAN, J.

This action involves a dispute over an alleged right of way
ten feet wide running north and south across lot 7, block 3,
plat J, Salt Lake City survey.  Plaintiffs are the owners of
the land adjacent to the west side of the strip in question,
and defendant Julia Dorius owns the parcel adjacent on the
east.  The north half of this strip is an acknowledged right

---

[1]*Rollo* v. *Nelson,* 34 Utah, 116, 96 Pac. 263, 26 L. R. A. (N. S.) 315;
*Morris* v. *Blunt,* 49 Utah, 243, 161 Pac. 1127.

of way in common for both plaintiffs and defendants, and is therefore not in dispute. The south half of the strip is alleged by plaintiffs to be also a right of way in common, but the defendants deny the same, and the issue thus made is the sole ground of the present litigation.

The following diagram of the material parts of lot 7 illustrates the matter in dispute:

The letter A in the diagram represents the parcel of land first purchased by plaintiffs, B represents the second parcel purchased by them, and C, the property of defendant Julia Dorius. The figure 1 represents a right of way in common which is not in dispute. 2, inclosed in dotted lines, is the parcel in controversy, and X represents the position of the garage of which plaintiffs complain. The numbers on the exterior boundary lines of the entire tract indicate the length and width of the various parcels.

In July, 1916, after plaintiffs and defendants had acquired their titles and had gone into possession and occupancy of the above parcels of land, the defendant Ray Dorius, with the knowledge and consent of the defendant Julia Dorius, constructed the garage complained of, in the south end of the alleged right of way indicated by the figure 2, and so constructed the same as to occupy practically the entire width and about fourteen feet in length of the ground in dispute. Prior to this, however, the other defendant, Julia Dorius, had purchased and obtained from the common grantors a deed in fee simple for the land in question, subject to any and all rights of way theretofore granted by her grantors.

Plaintiffs brought this action to compel a removal of the garage as an obstruction to the alleged right of way, and for damages alleged to have been caused thereby. The case was

tried to the court without a jury. Judgment was rendered for plaintiffs, and defendants appeal.

Defendants allege that the court erred in admitting certain evidence; that the evidence was insufficient to sustain certain findings; and that the same are contrary to law. Respondents' contention is that the right of way in dispute is appurtenant to the lands contained in A and B, and that, whether or not the right of way is specifically described in the deed, it nevertheless passed as an appurtenance to the land conveyed. The deed relied on is in the form prescribed by statute and therefore conveyed whatever apprutenances pertained to the land. Comp. Laws Utah 1907, section 1981.

The question presented to the trial court was, Is the right of way in question appurtenant to the land in B? In support of this contention respondents at the trial introduced evidence over appellants' objection to prove statements made by the common grantors at the time plaintiffs purchased parcel B, as to the existence of the right of way in question. Defendants objected on the ground that it was not the best evidence; the contention being that parol evidence is inadmissible to contradict or vary the terms of a written instrument. 1 As to this, as a proposition of law, there can be no dispute, but it does not apply to the present case. There was here no attempt to vary or contradict the terms of the deed. The deed, while conveying appurtenances as a matter of law, was nevertheless silent as to just what the appurtenances were. There was a latent ambiguity in the deed in this respect which was a proper subject of explanation, even by parol testimony. The evidence was therefore not objectionable on the ground assigned by appellants. This question has recently been determined by this court against appellants' contention in the case of *Egelund* v. *Fayter*, 51 Utah, 579, 172 Pac. 313, where former decisions of this court and other authorities are collated.

But appellants insist, with some reason and plausibility, that where a grantee claims an easement as appurtenant, not specifically described in the deed, the easement must be apparent, obvious, visible, and continuous, and that in the

present case, at the time the deed was made, there was          2
nothing on the ground to indicate the existence of the
right of way for the land indicated by the letter B.  We have
searched the record in vain for any substantial evidence of
a right of way at the point in question as indicated by, or
marked on, the ground.  The land when conveyed to plaintiff
was open and uncultivated, and no improvements existed
upon it of any kind whatever.  And the fact, as shown by
plaintiff's evidence, that wagon tracks were visible (by whom
made, and for what purpose, not appearing) is not, in the
judgment of the court, sufficient evidence of a permanent right
of way as appurtenant to the adjacent land.  In support of
the proposition that easements do not pass as appurtenant to
land unless they are apparent, obvious, visible, and continu-
ous, appellant cites many authorities.  14 Cyc. 116; *Rollo* v.
*Nelson*, 34 Utah, 116, 96 Pac. 263, same case annotated 26 L.
R. A. (N. S.) 315; *Kelly* v. *Dunning*, 43 N. J. Eq. 62, 10 Atl.
276; *German Savings & Loan* v. *Gordon*, 54 Or. 147, 102
Pac. 736, 26 L. R. A. (N. S.) 331.  The note referred to in
L. R. A., supra, is very exhaustive and conclusive upon this
point.  This question, however, is not controlling; and, while
the evidence was admitted by the court and its incompetency
and insufficiency argued at length by appellants, it is not
apparent that the court attached any special importance to
it in reaching a conclusion.  Such evidence was, however,
insufficient to establish the right of way in question.

A brief statement of the facts pertaining to the various
titles under which the parties claim is necessary before con-
sidering appellants' objection to the findings of the court.
W. W. Rivers and Mamie J. Rivers, his wife, are the common
grantors of the lands included in the diagram.  There are
mesne conveyances between these grantors and the parties to
this action, but they are immaterial, and are therefore omitted.
The evidence shows that in 1908 the common grantors con-
veyed the land indicated by the letter A, now owned by
plaintiff, and by the same instrument conveyed the right of
way lying east of A, indicated by the figure 1; that in Janu-
ary, 1910, they conveyed the land indicated by the letter C,

now owned by the defendant Julia Dorius, and by the same instrument conveyed to her the right of way indicated by the figures 1 and 2 lying west of C; that in February, 1910, they conveyed the land indicated by the letter B, now owned by plaintiffs, but did not specifically convey any right of way therefor; that in June, 1912, they conveyed to defendant, Julia Dorius, in fee, all of the land embraced in the strip covered by 1 and 2, subject to all rights of way theretofore granted by the grantors. These conveyances left the title, as far as specific grants of rights of way are concerned, in this condition: Plaintiff had a specific grant for a right of way over the land indicated by figure 1; defendant Julia Dorius had a specific grant for a right of way over the land indicated by the figures 1 and 2, and also a grant for the fee in said lands subject to any right of way theretofore granted. In other words, at the time of the wrongs complained of, plaintiffs had no specific grant for a right of way over the land indicated by the figure 2; that being the parcel of land in dispute.

Finding 1 of the court, which in effect found that there is in the conveyances to plaintiffs specific mention of a right of way over the ground in controversy, is not sustained by the evidence. The court, therefore, erred in so finding.

The question next arises, Is the strip of land in controversy appurtenant to the land indicated by the letter B so that a conveyance of B would convey a right of way without specific mention? If it is then the plaintiffs are entitled to use the same as a right of way, or so much thereof as may be necessary for ingress and egress to and from the land to which it is appurtenant. When the grantors, Rivers, executed the deed for the land in C to defendant Dorius, it will be remembered that they also conveyed specifically a right of way over the strip indicated by figures 1 and 2. At that time the grantors still owned the land embraced in B, and it cannot be successfully disputed that at that time the grantors retained a right of way in themselves for the land in B, which they still owned. This was the situation when the same grantors afterwards conveyed the land in B, which the plaintiffs now own.

The court is of the opinion that when the grantors, Rivers, conveyed the land embraced in B to the plaintiffs, they at the same time, conveyed, as appurtenant thereto, so much of the land embraced in 2 as was reasonably necessary as a means of ingress and egress to and from the land so conveyed. As has been shown, they afterwards conveyed in fee to defendant Julia Dorius the land in dispute subject to any rights of way theretofore granted. The court is further of the opinion that in deeding the strip in dispute to defendant Julia Dorius, in fee simple, subject to rights of way theretofore granted, the grantors had in mind, among other things the right of ingress and egress to and from plaintiffs' land indicated by the letter B. It does not follow that all of the land in dispute as indicated by the figure 2 was conveyed to plaintiffs as appurtenant to their land in 3, but only so much thereof as was necessary to afford ingress and egress to and from the land conveyed. This conclusion finds abundant support in the authorities cited in the note to *Rollo* v. *Nelson*, 26 L. R. A. (N. S.) 315, supra, to which reference is made. In *Morris* v. *Blunt*, 49 Utah at page 243, 161 Pac. at page 1133, this court in its opinion says:

"In construing any grant of right of way the use, in character and extent, is limited to such as is reasonably necessary and convenient to the dominant estate and as little burdensome to the servient estate as possible for the use contemplated."

That doctrine is peculiarly applicable to the present case. The alleged right of way is not appurtenant to any land south of it. It is appurtenant only to plaintiffs' land on the west and defendants' land on the east. The width of plaintiffs' land in B, north and south, is approximately thirty feet; the length of defendants' garage, north and south, in the south end of the disputed ground, is not to exceed fifteen feet. It occupies the entire width. There is therefore approximately fifteen feet between the north end of defendants' garage and the north side of plaintiffs' land in B. We assume fourteen feet is all that is reasonably necessary to afford plaintiffs a means of ingress and egress to and from their land to which the easement is appurtenant. We know of no vehicle

in common use that should require a greater width of space for ingress and egress, and consequently to allow more would be to impose an unjust burden upon the servient estate and be a departure from the rule recognized by this court in former decisions. This view of the case safeguards all the rights of the parties litigant, and is manifestly just and equitable. It follows, therefore, that the court erred in its finding to the effect that all the land in controversy is appurtenant as a right of way to plaintiffs' land, and likewise erred in its conclusion that defendants' garage should be removed.

The case is therefore remanded to the trial court, with directions to recast the findings and conclusions and modify the decree in accordance with the views herein expressed by limiting the plaintiffs' right of way to not exceeding fourteen feet in length of the north end of the ground in controversy. The costs to be equally divided between the parties.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.