373 P.2d 386

**Paul RUBEY and Carol Rubey, his wife, Plaintiffs and Respondents,**

**v.**

**Morris T. WOOD and Ruby J. Wood, his wife, Defendants and Appellants.**

No. 9447.

Supreme Court of Utah.

July 20, 1962.

Cayias, Day & Livingston, Salt Lake City, for appellants.

Jensen, Jensen & Bradford, Salt Lake City, for respondents.

McDONOUGH, Justice.

Plaintiffs brought an action for specific performance of a real estate contract. De-

fendants answered, charging fraud and misrepresentation. Defendants were ordered by the trial court to present their evidence first, after which the court granted plaintiffs' motion for a directed verdict.

■ The case being in equity, the court has the duty to review both questions of fact and law. We must decide whether there is evidence sufficient to uphold the trial court's decision.

On April 18, 1959, the plaintiffs offered to purchase defendants' 700-acre dry farm. After some preliminary negotiations the plaintiffs drafted a contract, explaining each provision as it was written down. Defendants testified that they did not read the contract but understood from the oral representations of plaintiffs that: (1) they were to receive a down payment of $25,000 within the next few days, and $4,000 or more per annum until the full purchase price was paid, (2) they were to have full use of all the land until fully paid for in lieu of the payment of interest.

The written contract stated that the down payment was to be made by April 18, 1960, one year later. Another provision allowed the plaintiffs upon written notice to separate the number of acres for which they had paid any time during the contract.

After plaintiffs failed to make the down payment within two weeks, defendants contacted them. The defendants were advised by the plaintiffs to read their contract. On May 11, 1959, plaintiffs again went to defendants' home to discuss the contract. At that time a modification agreement was written and signed. The down payment was changed to "$5,000 to be paid on or before a year from this date" and the yearly payment was increased to "$5,000 or more." The release clause was restated.

Defendants claim they did not read the second agreement because of plaintiffs' oral assurance that they would receive the down payment shortly and have full use of the land until the purchase price was paid.

When plaintiffs tendered the $5,000 down payment about a year later defendants refused to accept it. Plaintiffs then commenced this suit.

■■ It is well established in this state that to overturn a written contract by a claim of fraud and misrepresentation, the evidence must be clear and convincing.[1] For defendants to succeed on this appeal, the evidence must clearly preponderate against the trial court's decision.[2]

The defendants' main contention is that they were inexperienced, naive and credulous in their dealings with the plaintiffs,

1. Greenwell v. Duvall, 9 Utah 2d 89, 338 P.2d 118 (1959).

2. Peterson v. Holloway, 8 Utah 2d 328, 334 P.2d 559 (1959); Stanley v. Stanley, 97 Utah 520, 94 P.2d 465 (1939).

and that they relied upon plaintiffs' oral representations.

Plaintiffs reply that defendants are not excused from performance because they failed to read the contract. We agree.

Assuming the facts to be as defendants have testified, we cannot see how a reasonable man could have exercised full reliance on the oral representations. The parties were strangers to each other. There had been no previous contacts and no reason to establish a trusting relationship.

Justice Crockett's statement in Lewis v. White [3] applies here:

"No matter how naive or inexperienced the defendants were, they could not close their eyes and accept unquestioningly any representations made to them. It was their duty to make such investigation and inquiry as reasonable care under the circumstances would dictate * * *."

Conceding that reliance on plaintiffs' oral representations could be justified as to the first contract, we cannot see how defendants could reasonably rely on any of plaintiffs' oral representations at the time the second agreement was executed. Defendants had notice that plaintiffs' oral assertions did not always agree with the written provisions of the contract. In addi-

tion, in response to questions by the trial court defendant testified that he had read the second agreement but *didn't read it very closely.*

Affirmed. Costs to respondents.

WADE, C. J., and HENRIOD, CALLISTER and CROCKETT, JJ., concur.