384 P.2d 590

**Dan A. WEGGELAND, Plaintiff and Appellant,**

**v.**

**Howell UJIFUSA and Jean A. Ujifusa, his wife, Defendants and Respondents.**

**No. 9761.**

Supreme Court of Utah.

Aug. 21, 1963.

2.  Brown v. Jennett, 130 Iowa 311, 106 N.W. 747, 5 L.R.A.,N.S., 725, contra.

Irving H. Biele, Salt Lake City, for appellant.

Hanson & Baldwin, Salt Lake City, for respondents.

McDONOUGH, Justice.

Plaintiff brought action to enjoin defendants from a claimed interference with a right of way. From adverse findings and refusal to issue the injunction plaintiff appeals.

The parties own adjacent tracts of land conveyed to them by a common grantor at about 2900 East on Millcreek Road (3400 South) in Salt Lake City. The plaintiff's land is an unoccupied tract lying west of defendants' tract upon which the latter have their residence. The plaintiff received his original deed April 28, 1955; defendants theirs July 28, 1956. After some misunderstanding had developed about access to the plaintiff's property, which had to be from the east, both parties were given corrected deeds from their common grantor in December, 1956, which gave the plaintiff "an exclusive right of way for roadway purposes as a private driveway" over a 15-foot wide strip along the north edge of defendants' land; and the defendants' deed was made subject to this grant. There had been a house upon the defendants' land, which they have remodeled and added to on the south. The 15-foot strip referred to covers the ground between the north wall of the original house and the north boundary of the property. This wall has a window and a door; and the eaves overhang the right of way a few inches. There is a concrete doorstep thereon; a gas meter cover; and it also appears that at times garbage cans, a broom or other such items are placed at the north side of the house.

Plaintiff's position is that the deed above referred to giving him "an exclusive right of way" and correspondingly limiting the defendants' grant, preclude the defendants from making any use whatsoever of the right of way strip; and entitle him to an injunction commanding them to remove all impedimenta therefrom. He also attempted to establish and enforce a claimed oral promise of the defendants that they would remove the eaves and close the openings in the north wall of their house.

The difficulty with the plaintiff's contention is that if it were sound, the conveyance of the right of way would be tantamount to a conveyance of the land in fee simple. This would be inconsistent with the usual nature of a right of way. Ordinarily the purpose of granting a right of way over land, rather than making an outright conveyance of it, is to retain the ownership in the servient estate .(defend-

ants) and to allow a privilege of limited use to the dominant estate (plaintiff). The accepted rule is that the language of the grant is the measure and the extent of the right created; and that the easement conveyed should be so construed as to burden the servient estate only to the degree necessary to satisfy the purpose described in the grant.[1]

■ The trial court was plainly correct in its view that the conveyance of "an exclusive right of way for roadway purposes as a private driveway" is limited to the privilege so expressed, that is, it simply gives to the plaintiff the right to travel over the 15-foot strip lying north of defendants' house. In accordance with the rule stated above, this is the measure and the extent of the use authorized to plaintiff; and conversely it is the measure and the extent of the restriction upon the defendants' use of their own property; and they may use it in any manner they desire which does not interfere with the privilege granted to plaintiff. The record amply justifies the trial court's refusal to find any such interference.

In regard to the claimed oral promise of defendants to close up the north side of their house, it is sufficient to observe that upon disputed evidence the trial court

chose to believe the defendants and to disbelieve the plaintiff.

■ This being a case in equity, we sustain the findings and determination made below unless the evidence clearly preponderates against them; or the court has misapplied rules of law.[2]

Affirmed. Costs to defendants (respondents).

HENRIOD, C. J., and CALLISTER, CROCKETT and WADE, JJ., concur.

---

1. See Morris v. Blunt, 49 Utah 243, 161 P. 1127 (1916); Wade v. Dorius, 52 Utah 310, 173 P. 564 (1918).

2. Metropolitan Investment Co. v. Sine, 14 Utah 2d 36, 376 P.2d 940 (1962); Rubey v. Wood, 13 Utah 2d 285, 373 P.2d 386 (1962); In re Drainage Area of Bear River in Rich County, 12 Utah 2d 1, 361 P.2d 407 (1961).