392 P.2d 485

Paul RUBEY and Carol Rubey, his wife, Plaintiffs and Respondents,

v.

Morris T. WOOD and Ruby J. Wood, his wife, Defendants and Appellants.

Nos. 9833, 10001.

Supreme Court of Utah.

May 25, 1964.

William J. Cayias, D. Eugene Livingston, Salt Lake City, for defendants and appellants.

Jensen, Jensen & Bradford, Salt Lake City, for plaintiffs and respondents.

WADE, Justice.

The Rubeys sued for and were granted specific performance of a written contract and a written modification thereof for the sale of realty. In a previous appeal this court upheld the judgment of the district court.[1]

These present appeals stem out of the insistence by the Woods that after remittitur from this court the district court committed numerous errors. Among some of the errors appellants contend were committed are: (1) That there was no enforceable contract because no timely tender of payments provided for in the contract had been made and therefore the action should have been dismissed. (2) That the provisions in the contract are ambiguous and uncertain

1. Rubey v. Wood, 13 Utah 2d 285, 373 P.2d 386.

and the court should have granted a jury trial to determine the true meaning and intent of the parties thereto. (3) That the court erred in failing to allow legal interest on the contract balances. (4) That the court erred in directing the clerk of the court to make and deliver a warranty deed upon their failure to do so as directed in the order of the court. (5) That the court erred in its allowance of attorney's fees and costs.

It would serve no useful purpose to answer the numerous contentions of the appellants Wood. Suffice it to say that we have carefully examined the contract and the record and as to the contract, find that it is not so ambiguous and uncertain that it is necessary to take parol evidence to determine the meanings of its provisions. As to all of appellants' other contentions, it appears from the record that timely tenders of payments were made, and that the district court's acts and orders were consistent with the mandate of this court which affirmed the district court's judgment that the contract and the modification thereof be performed in accordance with the terms contained therein.

Affirmed. Costs to respondents.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.