490 P.2d 888

Reed A. **WATKINS** and Dorothy Burdick, formerly Dorothy Wilkins, Executrix of the Estate of Richard R. Wilkins, Deceased, Plaintiffs and Appellants,

v.

Kline D. **STRONG** and Susan B. Strong, Defendants and Respondents.

No. 12389.

Supreme Court of Utah.

Nov. 22, 1971.

Harley W. Gustin, Walter P. Faber, Jr., Bruce E. Coke, Salt Lake City, for plaintiffs-appellants.

Clifford L. Ashton, Salt Lake City, for defendants-respondents.

ELLETT, Justice:

Wilkins, Watkins, and Strong were partners engaged in the practice of law until

December 31, 1963. They had a wig-manufacturing client which paid the firm a retainer fee of $2,500 per month. The client was in financial difficulties and was in need of a large sum of money. Dissensions between the partners had arisen on other occasions but had been amicably settled. However, on October 17, 1963, Strong announced that he was terminating the partnership arrangement and was going to make his own deal with the wig-manufacturing client.

There is some dispute as to what was said at the time, but Strong agreed to remain with the firm until December 31, 1963, provided that in the meantime he could be free to deal with the wig client. Strong agreed to underwrite the $2,500 retainer for the months of November and December.

On or about January 30, 1964, a formal dissolution of partnership was drawn up by Watkins and signed by the partners, whereby they each compromised, settled, and adjusted all of their accounts and business of the partnership, and each partner released and discharged the others from all claims, liability, and causes of action arising out of their prior partnership relationship. Watkins and Wilkins particularly released Strong from all liability to account for any interest he had or might have acquired "in the wig patents, wig royalties, or the wig business."

Ultimately Strong was able to secure financing, and the wig business greatly prospered. As a result thereof, his interest became extremely valuable.

Wilkins was killed in an airplane accident in the fall of 1965.

This action was commenced by Watkins and by Dorothy Burdick, formerly Dorothy Wilkins, Executrix of the Estate of Richard R. Wilkins, deceased, in June, 1967, to set aside the settlement theretofore made by the erstwhile partners and to compel Strong to account for his doings with the wig client.

In connection with a motion for summary judgment, the trial court found that there were three basic issues of fact to be determined at trial: (1) Did Strong acquire any interest in the wig venture prior to termination of the partnership? (2) Did Strong fully disclose the condition of the wig venture or any business opportunities available therein as of the date of the partnership termination? (3) Did plaintiffs waive any rights that they may have had against defendants?

The trial of these issues covered six nonconsecutive days.

Strong testified that no agreements or arrangements were made with the wig client until after October 17, 1963. The plaintiffs submitted a copy of an assignment of patent rights to Mrs. Strong dated October 2, 1963. Strong testified that the document was actually prepared after October 17, 1963, but was dated October 2,

1963, at the instance and request of some eastern lawyers who were handling some matters for the wig client. He was corroborated by his secretary, who prepared the document. There was other testimony tending to corroborate Strong's testimony that he made no agreements with the wig client until after October 17, 1963.

In the findings the trial court in substance found: (1) That Strong did not acquire any interest in the wig venture until after October 17, 1963, and that any interest acquired by either Strong or his wife was for services to be rendered by him after October 30, 1963, or was a bona fide gift. (2) That Strong did not fully disclose the condition of the wig venture and the possible business opportunities therein but instead openly and pointedly refused to do so at the time the partnership dissolution was discussed and ultimately agreed upon. (3) That Strong never at any time concealed from his partners any information with respect to the wig patents, wig royalties, or the wig business at any time when it was his duty to disclose, except that on October 17, 1963, he refused to make certain disclosures, which refusal was acquiesced in by the other partners. (4) That Strong never at any time made any false or untrue statement or representation to either of his partners regarding the wig business in any particular. (5) That Watkins and Wilkins were put on notice by Strong on October 17, 1963, and subsequently, but prior to January 30, 1964, that there were certain business potentials in the wig venture. (6) That Watkins and Wilkins specifically released and discharged Strong from all liability to account to them for any interest he had or acquired in the wig patents, wig royalties, or the wig business. (7) That while Watkins and Wilkins prior to January 30, 1964, knew or should have known of the interest which Strong had in the wig venture, neither of them took any affirmative legal action until this action was commenced on June 19, 1967.

The court then gave judgment in favor of Strong and against the plaintiffs for no cause of action.

The plaintiffs have appealed and urge this court to reverse the findings and judgment of the trial court.

We have repeatedly held that even in equity cases we will not interfere with the findings of the trial court unless it manifestly appears that the court has misapplied proven facts or made findings clearly against the weight of the evidence.[1]

We are unable to say that the trial judge found against the weight of the evidence or that he misapplied the facts of this case. His position enabled him to hear the wit-

---

1. Merrill & Bailey & Sons Co., 99 Utah 323, 106 P.2d 255 (1940); Huber v. Newman, 106 Utah 363, 145 P.2d 780 (1944); Rubey v. Wood, 13 Utah 2d 285, 373 P.2d 386 (1962).

**410**

nesses, which gives him an advantage over us. A motion for a new trial was thoroughly argued, and the trial judge was given an opportunity to correct any errors or mistakes which he may have made. He stood firm in his judgment, and under the facts and circumstances of this case it is not our prerogative to substitute our judgment for his.

The judgment is affirmed. Costs are awarded to the respondents.

CALLISTER, C. J., and TUCKETT, HENRIOD and CROCKETT, JJ., concur.