453 So.2d 897 (1984)
Herbert M. GELFAND, As Operating General Partner of De Anza Properties-X, a California Limited Partnership, Appellant/Cross Appellee,
v.
MORTGAGE INVESTORS OF WASHINGTON, a Maryland Business Trust, Appellee/Cross Appellant.
No. 82-2356.
District Court of Appeal of Florida, Fourth District.
August 8, 1984.
*898 James B. Tilghman, Jr., Herman J. Russomanno, and Bertha Claire Lee of Floyd, Pearson, Stewart, Richman, Greer & Weil, P.A., Miami, for appellant/cross appellee.
Gregory G. Jones of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee/cross appellant.
PER CURIAM.
This controversy arose as the result of the sale of a mobile home park known as the Colonies of Margate (Colonies). The appellant, De Anza Corporation (De Anza), purchased the Colonies from the appellee, Mortgage Investors of Washington (MIW), for $5,750,000 in 1978. At the time of the sale, the Colonies consisted of three phases. Phases I and II were already built and occupied by tenants, while Phase III was still in the process of construction and was to be completed by MIW.
Subsequent to the closing of the transaction, De Anza filed a multi-count complaint against MIW alleging various breaches of the contract and breaches of certain warranties. MIW counterclaimed seeking declaratory relief concerning an easement agreement entered into by the parties. After a nonjury trial, De Anza was awarded $148,929.42 in damages. The court also held that the easement in question was nonexclusive.
De Anza appeals, raising several issues and MIW cross appeals. We reverse in part and affirm in part.
The Colonies is located near State Road 7 in western Broward County. The only means of ingress and egress to the Park is an entrance road that runs from State Road 7 across surrounding land owned by MIW. Two months after MIW sold the Colonies to De Anza, the parties entered into an agreement whereby, among other things, MIW conveyed to De Anza an easement over the roadway for ingress and egress to the mobile home park. De Anza maintains that this agreement created an exclusive easement so that MIW and all third parties have no right, title or interest in the roadway. MIW, on the other hand, contends that, while third parties may be prohibited from any use of the road, MIW may continue its use of the roadway as the grantor servient owner.
In Wiggins v. Lykes Bros. Inc., 97 So.2d 273, 276-77 (Fla. 1957), the court stated that "no intention to convey an exclusive easement ... can be imputed to the grantor of the easement in the absence of a clear indication of such intention... ." Professor Boyer reaches a similar conclusion:
In determining the scope of easements as in construing deeds generally, the court is aided by various rules of construction. One of these rules is that the presumption is in favor of a non-exclusive easement. An exclusive easement is one for the sole benefit of the easement holder and excludes use thereof by the grantor servient owner. A non-exclusive easement, on the other hand, permits use by the servient owner. Hence, if there is any doubt, the court will conclude that the grantor likewise may make use of the land subject to the easement so long as he doesn't interfere with the use thereof by his grantee.
In determining the scope of the easement, the court may, if it concludes the words of the instrument the least ambiguous, resort to extraneous matters to *899 arrive at the probable intent of the parties. Thus, the purpose of the easement, the location of the realty, the situation of the parties, and all surrounding circumstances may be considered.
1 R. Boyer, Florida Real Estate Transactions, § 23.04 (footnotes omitted). The easement agreement provides:
D. It is further the intentions of the parties by this Agreement to create an easement across Parcel One [MIW] as a roadway for ingress and egress to and from Parcel Two [DeAnza]... .
... .
3. MIW hereby grants to DE ANZA an irrevocable, exclusive and perpetual easement for ingress and egress purposes for Parcel Two over, along and across said Roadway (Exhibit "D"). The obligation and right of maintenance of said Roadway shall be that of the Owner of Parcel Two.
In addition, the easement agreement provided that MIW could move the roadway in connection with the development of Parcel One if a substantially similar road is substituted. The issue thus framed is whether use in the granting instrument of the term "exclusive" forecloses further consideration of the nature, extent and exclusivity of the interest created.
One might suppose, despite the contrary presumption, that the term "exclusive" would be determinative of the issue at hand. In keeping with what we believe to be the better view we hold, as did the trial court, that it is not. Thus, in the case of Weggeland v. Ujifusa, 14 Utah 2d 364, 384 P.2d 590 (1963), the court held that a grant of "an exclusive right of way for roadway purposes as a private driveway" did not allow the plaintiff to preclude the owner of the servient estate from utilizing the right of way.
The difficulty with the plaintiff's contention is that if it were sound, the conveyance of the right of way would be tantamount to a conveyance of the land in fee simple. This would be inconsistent with the usual nature of a right of way. Ordinarily the purpose of granting a right of way over land, rather than making an outright conveyance of it, is to retain the ownership in the servient estate (defendants) and to allow a privilege of limited use to the dominant estate (plaintiff). The accepted rule is that the language of the grant is the measure and the extent of the right created; and that the easement conveyed should be so construed as to burden the servient estate only to the degree necessary to satisfy the purpose described in the grant.
Id. at 591 (footnote omitted). The rule is explained more fully and followed in a comprehensive majority opinion, which we approve, in Latham v. Garner, 105 Idaho 854, 673 P.2d 1048 (1983). On the question of use of the term "exclusive," that court points out:
An instrument which is reasonably subject to conflicting interpretation is ambiguous. See Rutter v. McLaughlin, 101 Idaho 292, 293, 612 P.2d 135, 136 (1980). The phrase "exclusively for their use" lends itself, without contortion, to a number of interpretations. The instrument could be interpretated as (1) the grant of an easement right of way to the grantee, the defendants herein, to the exclusion of all others, except the grantor; or (2) the grant of an easement right of way excluding all others, including the grantor; or, (3) as the grant of a fee simple estate to the grantee. Thus, the instrument is reasonably subject to conflicting interpretations and as such is ambiguous.
Id. at 1052 (footnote omitted).
Here the trial court found the instrument ambiguous, considered extrinsic evidence and determined that use of the easement was not to exclude use by the grantor servient owner. Finding that holding supported by substantial competent evidence, we affirm as to it.
The second point, relating to prejudgment interest, requires reversal in part. On appeal, De Anza argues that it should have been awarded prejudgment interest on various liquidated damages. The *900 trial court found that the damages were unliquidated and denied an award of prejudgment interest on all damages.
A review of the record indicates that, with the exception of the award of $15,000 for certain landscaping, De Anza's position at trial was that the damages were unliquidated and it is only on appeal that it is alleged that the other damages are liquidated as well. Therefore, we find no error in the court's over-all determination that the damages were unliquidated and that De Anza was not entitled to prejudgment interest. We do find, however, that the $15,000 awarded to De Anza for landscaping an area known as the Greenbelt was liquidated since there was an exact amount due and owing at a particular time. Bryan and Sons Corp. v. Klefstad, 265 So.2d 382 (Fla. 4th DCA 1972). At trial De Anza alleged that this portion of the damages was liquidated. Therefore, prejudgment interest should have been awarded on the $15,000.
We have reviewed the remaining issues and the cross appeal, and we find no additional errors. The matter is therefore remanded for further proceedings consistent herewith.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DOWNEY, HERSEY and BARKETT, JJ., concur.