511 So.2d 652 (1987)
James T. STEPHENS and Sharon Stephens, His Wife, Appellants,
v.
Vernon C. DOBBINS and Yolanda Dobbins, His Wife, Appellees.
No. 86-3025.
District Court of Appeal of Florida, Second District.
July 29, 1987.
Rehearing Denied August 25, 1987.
James V. Lau of Lau, Lane, Pieper & Asti, P.A., Tampa, for appellants.
James D. Whittemore of Whittemore & Campbell, P.A. Tampa, for appellees.
PATTERSON, DAVID F., Associate Judge.
The owners of a partial interest in a parcel of real property appeal a judgment finding that the appellees have an exclusive easement over the land which precludes any use of the land by the landowners. We reverse.
The general rule of law in Florida is that an instrument creating an easement *653 must be construed as creating a nonexclusive easement unless the instrument clearly shows an intention that the easement is to be exclusive. See Wiggins v. Lykes Brothers, Inc., 97 So.2d 273 (Fla. 1957); Gelfand v. Mortgage Investors of Washington, 453 So.2d 897 (Fla. 4th DCA 1984); Consolidated Gas Co. v. City Gas Co., 447 So.2d 351 (Fla. 3d DCA 1984). The instrument creating the easement in this case stated only that it gave the easement owners "an easement for ingress and egress" over the particular parcel of land. Because the instrument did not specifically state that the easement was an exclusive easement, the instrument should be construed as having created a nonexclusive easement allowing appellants any use of the land which does not interfere with appellees' rights under the easement.
Reversed and remanded for proceedings consistent herewith.
DANAHY, C.J., and SCHEB, J., concur.