DIAMANTIS, Judge.
Appellants/defendants below, Enzo and Joann Perlini, and appellee/plaintiff below, Seminole Woods Community Association, respectively appeal and cross-appeal from a final judgment following a non-jury trial. On the appeal of the Perlinis we affirm in part and reverse in part. On the cross-appeal of the Seminole Woods Community Association we affirm.
Enzo and Joann Perlini own a home on a twenty-five-acre parcel of property located in Seminole County, Florida. The property is located in a rural area and the only direct access to the property is by way of highway 13, a dirt road which was formerly a railroad bed. In an effort to avoid the inconvenience of traveling highway 13, the Perlinis decided to use the roadways contained in Seminole Woods, a privately owned subdivision which is located directly adjacent to the Perlinis’ twenty-five-acre lot, to gain access to their land. The property located within the Seminole Woods subdivision is subject to certain restrictive covenants.
The Seminole Woods Community Association (a homeowners association hereinafter referred to as the Association) did not approve of the Perlinis’ use of the subdivision’s private roadways because the Perlin-is did not own land in the subdivision and the roadways were constructed and are maintained by the Association for the benefit of the people who own land within the subdivision. The Association eventually constructed gateways blocking the two entrances to the subdivision thus preventing anyone other than persons owning property within the subdivision from gaining access to the roadways.
The Perlinis eventually purchased a five-acre lot within the Seminole Woods subdivision. This lot (lot 25) is located directly adjacent to the Perlinis’ twenty-five acres. The Perlinis proceeded to clear a dirt pathway through lot 25 so that they could drive from the subdivision’s private roadway through lot 25 to gain access to their adjoining twenty-five acres. By driving over lot 25 the Perlinis cross an equestrian easement located on their property but owned by the Association. The subdivision’s Declaration of Restrictions defines the easement as follows:
9.01 All easements for utilities, drainage, ingress/egress, equestrian trails, and other purposes, as designated on exhibit “B” hereto, are hereby reserved as perpetual easements for such uses and *1223 for the installation and maintenance of any attendant facilities. Any wall, fence, paving, planting or any other improvement located on an easement area shall be removed upon the request of the developer, its successors or assigns, the architectural design committee, or any public utility using the easement area, and such removal shall be at the expense of the owner of the homesite. (emphasis added).
When the Association became aware of the Perlinis’ use of lot 25 as a roadway to access their adjoining twenty-five acres, the Association’s board of directors instructed the Perlinis that such use was prohibited. The Perlinis, however, continued to drive through lot 25 to access their twenty-five acres. The Association’s board of directors later voted to institute suit against the Perlinis to enjoin them from using lot 25 as a means to access their twenty-five acres. Accordingly, the Association filed a complaint against the Perlinis seeking injunctive relief, declaratory relief and damages. The claims made and the relief sought by the Association include:
(1) by driving vehicles across the equestrian easement the Perlinis are violating the Association’s policy which states that no motor vehicles are permitted on the equestrian trail. The Association requested the trial court to permanently enjoin the Perlin-is from driving vehicles across the equestrian easement;
(2) the Perlinis are violating the deed restriction which sets forth the exact boundaries for the subdivision because the Perlinis are using lot 25 in conjunction with their twenty-five-acre parcel. The Association requested the trial court to permanently enjoin the Perlinis from in effect attempting to incorporate their twenty-five-acre lot into the Seminole Woods subdivision;
(3) the Association is permitted to erect a fence on the portion of the equestrian trail located on the Perlinis’ property in order to separate lot 25 from the Perlinis’ twenty-five-aere lot. The Association requested the trial court to enter a declaratory judgment stating that the Association has the right to erect such a fence;
(4) the Association has incurred damages as a result of the Perlinis’ use of the equestrian trail as a roadway. The Association requested the trial court to enter an award of money damages;
(5) the Association has incurred costs and attorney’s fees in its attempt to enforce the deed restrictions. The Association requested the trial court to award the Association such fees and costs as provided by the Declaration of Restrictions;
(6) because the Perlinis are in violation of the deed restrictions the Association requested that the trial court grant any other and further relief as the court may deem proper, equitable and just.
The Perlinis answered the complaint, raised several affirmative defenses, and asserted a counterclaim. In their counterclaim the Perlinis averred that the Association is improperly limiting the Perlinis’ ability to enjoy their property by: (1) refusing to give the Perlinis a remote-control device which opens one of the gates to the subdivision; and (2) removing the Perlinis’ mailbox from the Perlinis’ Seminole Woods property. The Perlinis requested injunc-tive relief and an award of damages.
The matter proceeded to non-jury trial on the Association’s complaint and the Perlin-is’ counterclaim. Following trial the court entered an order summarized in pertinent part as follows:
(1) The trial court permanently enjoined the Perlinis from using the private roads located within the Seminole Woods subdivision as a means of ingress and egress to their land located outside the subdivision.
(2) The trial court denied the Association’s request for damages, finding any damage to the equestrian trail to be inconsequential.
(3) The trial court found that the Association failed to demonstrate that it has the right to erect a fence on the equestrian trail easement located on the Perlinis’ lot.
(4) The trial court refused to order the Association to permit the Perlinis to *1224 place a mailbox on lot 25 because the court found that the mailbox was serving acreage located outside the subdivision; namely, the twenty-five-acre lot owned by the Perlinis. The court further found that the Perlinis are not entitled to an award of damages because they failed to prove that they suffered any damage due to the Association’s refusal to permit them to place a mailbox on lot 25.
(5) The trial court concluded that the Perlinis are not entitled to receive a remote-control device to open the gateway to the subdivision because they were abusing the privilege for which the Association had allowed them to use the private roads of the Seminole Woods Subdivision.
Both parties moved for rehearing; however, the trial court denied these motions. The Perlinis then filed a notice of appeal and the Association later filed a cross-appeal.
Both the Association and the Perlinis argue that the order of the trial court should be reversed. However, each side asserts a variety of different errors on appeal. We first affirm the trial court’s rulings involved in the Association’s cross-appeal. However, we hold that the trial court erred in granting any injunctive relief against the Perlinis which prohibits them from driving on the equestrian easement located on lot 25. We further hold that the trial court erred in refusing to enforce by injunctive relief the rights of the Perlinis to have a remote control device which opens one of the gates to the subdivision and to place a mailbox on lot 25. Therefore, we reverse the trial court on these matters and remand this case to the trial court for further proceedings consistent with this opinion. However, we affirm the trial court’s denial of damages regarding the mailbox. We shall first discuss the issues involved in the Perlinis’ appeal.
We hold that there was a lack of competent substantial evidence to support the issuance of any injunctive relief against the Perlinis. The Association’s complaint contains basically two legal theories under which it seeks relief. First, the Association claims that the Perlinis were interfering with the equestrian easement. The record does not contain any evidence that the Per-linis placed any paving or improvement on the easement. We reject the Association’s contention that a dirt pathway through their lot and the clearing of some brush from the easement constitutes either paving or an improvement. Further, there was no competent substantial evidence that the Perlinis interfered with or threatened to interfere with the use of the equestrian trail. We would emphasize that the Association’s equestrian easement is located on lot 25 of the Seminole Woods Subdivision and that this lot is owned by the Perlinis. An easement may not be increased beyond that reasonably contemplated at the time of its creation. Easton v. Appler, 548 So.2d 691 (Fla. 3d DCA 1989). This equestrian easement is a nonexclusive easement and, therefore, the Perlinis are entitled to use their land in any manner provided that the use does not interfere with the Association’s rights under the easement. Stephens v. Dobbins, 511 So.2d 652 (Fla. 2d DCA 1987).
Second, the Association contends that the Perlinis are in effect attempting to incorporate their twenty-five-acre lot into the Seminole Woods Subdivision. There is no competent substantial evidence in the record to support this contention. The evidence only shows that the Perlinis are using lot 25 to drive to and from their home which is located on their adjoining twenty-five acres. This use does not constitute incorporation of Perlinis’ twenty-five-acre lot into the Seminole Woods Subdivision.[1]
The trial court erred in not enforcing by injunctive relief the right of the Perlinis to have a remote control device which opens one of the gates to the subdivision. This gate is the one located the nearest to lot 25. We have found that the Perlinis are presently making proper use of *1225 their property. For the same reason, the trial court erred in not enforcing by injunc-tive relief the right of the Perlinis to have a mailbox on lot 25. However, we affirm the trial court’s denial of damages regarding the mailbox because we conclude that the record supports the trial court’s factual finding that the Perlinis failed to prove damages.
We shall next address the issues raised by the Association’s cross-appeal. First, the Association’s attack on the injunctive relief afforded it by the trial court is moot because we have decided that the granting of any injunctive relief is not supported by the record. For this reason any claim of damages by the Association due to the Perlinis’ practice of driving over the equestrian easement is also precluded.
Second, the Association argues that the trial court erred in denying its request for declaratory judgment establishing the Associations’ right to erect a fence on the equestrian easement. We have pointed out that this easement is a nonexclusive easement and, therefore, the Perlinis are entitled to use their land in any manner so long as the use does not interfere with the Association’s rights under the easement. Stephens. Further, the burden created by this equestrian easement over the Perlinis’ property cannot be increased beyond that reasonably contemplated at the time of its creation to prevent the Perlinis from having access and egress to their land over which the easement is located. Easton.
Third, the Association’s claim that the trial court erred in not awarding it attorney’s fees is now moot. The Association would only be entitled to attorney’s fees under the declaration of restrictions if the Association succeeded in any proceeding to compel compliance with any applicable restriction. In the instant case, the Association was not successful.
AFFIRMED in part; REVERSED in part and REMANDED.
HARRIS and PETERSON, JJ., concur.

. By our holding we are not foreclosing any future action by the Association if development of the adjoining twenty-five-acre lot is imminent or threatened. This matter is not involved in the instant case and we express no opinion regarding it.