**2014 UT App 222**

## THE UTAH COURT OF APPEALS

WELLBERG INVESTMENTS, LLC,
Plaintiff and Appellant,
*v.*
GREENER HILLS SUBDIVISION, CHRISTENSEN MOUNTAIN
PROPERTIES, AND DOROTHY CHRISTENSEN,
Defendants and Appellees.

Memorandum Decision
No. 20130043-CA
Filed September 18, 2014

Fourth District Court, Heber Department
The Honorable Darold J. McDade
No. 110500552

Walter T. Keane, Attorney for Appellant

Kraig J. Powell and Shawn W. Potter, Attorneys for
Appellee Greener Hills Subdivision

Clark R. Nielsen and Kathryn J. Steffey, Attorneys
for Appellees Christensen Mountain Properties
and Dorothy Christensen

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES J. FREDERIC VOROS JR. and STEPHEN L. ROTH
concurred.

DAVIS, Judge:

¶1     Wellberg Investments, LLC appeals from the district court's
denial of its motion for summary judgment and its grant of
summary judgment in favor of defendants Greener Hills
Subdivision, Christensen Mountain Properties, and Dorothy
Christensen (collectively, the Defendants). In granting summary
judgment in favor of the Defendants, the district court determined

that Wellberg's land is not benefitted by an express easement that Greener Hills granted to the Christensen defendants (the Easement). We affirm.

¶2     "Summary judgment is proper only when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Canyon Meadows HOA v. Wasatch Cnty.*, 2001 UT App 414, ¶ 8, 40 P.3d 1148. "In deciding whether the trial court correctly granted judgment as a matter of law, we give no deference to the trial court's view of the law; we review it for correctness." *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc.*, 2001 UT 54, ¶ 9, 28 P.3d 669 (citation and internal quotation marks omitted).

¶3     "An easement is a 'nonpossessory right to enter and use land in the possession of another and obligates the possessor not to interfere with the uses authorized by the easement.'" *Marvin M. Brandt Revocable Trust v. United States*, 134 S. Ct. 1257, 1265 (2014) (quoting Restatement (Third) of Prop.: Servitudes § 1.2(1) (1998)); *accord Alliant Techsystems, Inc. v. Salt Lake Cnty. Bd. of Equalization*, 2012 UT 4, ¶ 22 n.26, 270 P.3d 441. Because the grant of an easement is a transfer of an interest in real property, "[u]nder Utah law, easements must generally comply with the statute of frauds by being reduced to writing." *Green v. Stansfield*, 886 P.2d 117, 122 (Utah Ct. App. 1994). Here, the written Grant of Easement (the Easement Agreement) provides,

> This Grant of Easement and Right of Way is made and entered into this 20 day of October, 2000. Greener Hills L.L.C., . . . grants a right of way over and across the right of way between Lots 36, 37, 38, 39, and 40 to the North boundary line of Greenerhills Subdivision for the benefit of Harold Christensen and Dorothy Christensen their assigns or heirs.
> . . . .
> A Non-Exclusive 50 foot wide easement for ingress, egress, storm drain, water system, sewer,

landscaping, irrigation, grading, public and private utilities, and emergency vehicle use purposes to be used in common with others for access to property to the north of Greenerhills . . . .

¶4    The district court granted summary judgment in favor of the Defendants based on their assertion that Wellberg could not claim any benefit under the Easement. The court relied on *Potter v. Chadaz*, 1999 UT App 95, 977 P.2d 533, for the premise that parties to a deed are prohibited "from expressly creating an easement in a land transaction for the benefit of a third party who is not involved in the transaction—i.e., a 'stranger to the deed.'" *See id.* ¶ 12. The court identified Wellberg as a "stranger to the transaction" because it "is not named in the Easement Agreement, and did not participate in it in any way." The district court concluded that as a "stranger to the transaction," Wellberg was "not entitled to any right or title to, or interest in, the" Easement or the Defendants' properties.

¶5    We agree with the district court's ruling in favor of the Defendants, but we also agree with Wellberg's contention that the district court's reliance on *Potter* is misguided. Accordingly, we base our affirmance of the district court's ruling on other grounds apparent on the record before us. *See Okelberry v. West Daniels Land Ass'n*, 2005 UT App 327, ¶ 11, 120 P.3d 34 ("It is well established that we may affirm the judgment appealed from if it is sustainable on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action . . . ." (citation and internal quotation marks omitted)).

¶6    To interpret easements, we apply the same rules of construction used in interpreting contracts. *Canyon Meadows*, 2001 UT App 414, ¶ 7. Accordingly, we first look to the plain language of the Easement Agreement to discern the parties' intent in creating the Easement, *see Gillmor v. Macey*, 2005 UT App 351, ¶ 19, 121 P.3d 57, because the parties' intentions "are controlling," *Utah Transit*

*Auth. v. Salt Lake City S. R.R. Co.*, 2006 UT App 46, ¶ 8, 131 P.3d 288 (citation and internal quotation marks omitted).

¶7 The district court touched on aspects of a contract-based interpretation of the Easement Agreement, recognizing that Wellberg is not mentioned in the Easement Agreement, that there is no indication in the Easement Agreement that Wellberg participated in negotiating the Easement Agreement, and that Greener Hills and the Christensen defendants did not intend the Easement to benefit Wellberg. The court then relied on the "stranger to the transaction" principle from *Potter* to conclude that Wellberg's absence from the face of the agreement renders it a stranger to the transaction and that, as a result, Wellberg "is not entitled to any right or title to, or interest in, the [Easement]."

¶8 This interpretation misapplies *Potter*, which explains, in dicta, that "Utah law prohibits parties from expressly creating an easement in a land transaction for the benefit of a third party who is not involved in the transaction—i.e., a 'stranger to the deed.'" *Potter*, 1999 UT App 95, ¶ 12. Here we are not presented with a situation in which the parties creating the easement—the Defendants—attempted to "expressly" create an easement that would benefit Wellberg. Indeed, the crux of the parties' dispute here is the scope the Defendants intended the Easement Agreement to have. In *Potter*, there was no question that the parties had intended to create an easement that benefitted a third party that was not involved in the land transaction. Thus *Potter* is inapplicable.[1]

---

1. Because of the manner in which we resolve the issue on appeal, we do not need to address the precedential value of the "stranger to the deed" principle from *Potter v. Chadaz*, 1999 UT App 95, 977 P.2d 533, or our obligation to adhere to that principle as a matter of horizontal stare decisis. And to that end, we recognize that the requirement that this court adhere to precedent as a matter of

(continued...)

¶9 Under basic rules of contract interpretation, we determine that the Defendants' intent is unambiguously communicated in the Easement Agreement; their intent was to create an easement "for ingress, egress, storm drain, water system, sewer, landscaping, irrigation, grading, public and private utilities, and emergency vehicle use purposes" for the benefit of "Harold Christensen and Dorothy Christensen their assigns or heirs" and as a burden on specific lots within the Greener Hills Subdivision. Wellberg argues that the Easement Agreement need only contain "enough specificity to enforce it and the signatures of the servient estate owners" and that the Agreement's language permitting "*others* access to property to the *north* of Greenerhills" is sufficiently specific for Wellberg, as an "other" property owner "north" of Greener Hills, to benefit from the Easement. (Emphases added.)

¶10 We construe the language in the Easement Agreement referencing "property to the north of Greenerhills" to encompass only the Christensen parcel; that parcel is the only property outside

---

1. (...continued)
horizontal stare decisis need not be applied with the same inflexibility as the requirements of vertical stare decisis. *See State v. Menzies,* 889 P.2d 393, 399 n.3 (Utah 1994) (recognizing that while "lower courts are obliged to follow the holding of a higher court, as well as any 'judicial dicta' that may be announced by the higher court," "[h]orizontal stare decisis does not . . . require that a panel adhere to its own or another panel's prior decisions with the same inflexibility as does vertical stare decisis"); *see also Ewing v. Utah Dep't of Transp.,* 2010 UT App 158, ¶ 13, 235 P.3d 776 ("[I]n accordance with horizontal stare decisis, . . . [an appellate court] will overrule its own precedent in the limited circumstances where it is clearly convinced that the rule was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent." (alterations and omission in original) (citation and internal quotation marks omitted)).

of the subdivision that is referenced within the Easement Agreement and the only parcel that could logically be considered the dominant estate based on the Easement Agreement's identification of the Christensen defendants as the dominant estate holders. Wellberg's assertion that the reference "to property to the north of Greenerhills" must include its parcel because its parcel is also to the north of Greener Hills is untenable, particularly in light of the general rule that we should not construe an easement in a way that subjects the servient estate to a greater burden than "necessary to satisfy the purpose described in the grant [of the easement]." *See Weggeland v. Ujifusa*, 384 P.2d 590, 591 (Utah 1963).

¶11    Here, it is clear from the language of the Easement Agreement that the purpose of the Easement was to grant the Christensen defendants access to their piece of property that abuts Greener Hills on the subdivision's northern border, not to grant any holder of property to the north of Greener Hills northbound access through Greener Hills or the Christensen parcel. Such an interpretation would expand the burden Greener Hills bargained for as the servient estate. Similarly, we do not interpret the word "others" in the Easement Agreement as impliedly granting Wellberg, or "other" property owners to the north or other property owners in general, any benefit or ownership right to access the Easement. This broad interpretation proposed by Wellberg would, again, impermissibly expand the burden on Greener Hills as the servient estate.

¶12    In conclusion, the Easement Agreement unambiguously demonstrates the Defendants' intent that the Easement benefit only the Christensen defendants. We affirm the district court's ruling.

———————