265 So.2d 382 (1972)
BRYAN AND SONS CORP., a Florida Corporation, and Hubert E. Bryan, Appellants,
v.
Sivert KLEFSTAD et al., Appellees.
No. 71-217.
District Court of Appeal of Florida, Fourth District.
July 17, 1972.
Rehearings Denied August 25, 1972.
*383 John A. Gentry, III, of Moyle, Gentry & Jones, West Palm Beach, for appellants.
Guy W. Held, of Winters, Brackett, Lord & Held, West Palm Beach, for appellees.
CROSS, Judge.
This is the second appearance of this case before us. The appellants-defendants, Bryan and Sons Corporation and Hubert E. Bryan, are appealing a second amended final judgment in an action arising out of a contract to clear land owned by appellees-plaintiffs, Sivert Klefstad, et al. The judgment awarded damages, costs, and attorneys' fees to defendants on their counterclaim.
Plaintiffs, owners of a parcel of unimproved land, entered into an agreement with the defendants whereby defendants were to clear the land and render it suitable for the planting of citrus trees. Before work on the property had begun, plaintiffs advanced defendants $10,000, in return for which defendants executed in favor of plaintiffs a promissory note in that amount, as well as a chattel mortgage on certain land-clearing machinery owned by defendants.
After the project had been substantially completed, work was stopped by defendants. Plaintiffs then instituted suit to foreclose the chattel mortgage and for damages for breach of the contract. Defendants counterclaimed to foreclose a mechanic's lien for work performed on the land. The cause was tried before the *384 court without a jury. The final judgment itemized the sums determined by the court to be due to each of the parties from the other, and after offsetting these, awarded defendants a net recovery of $2,291.01 on the counterclaim.
Both parties appealed. On appeal, we reversed that part of the final judgment that determined that the defendants had breached the contract and the consequential award of $5,000 as offset damages to plaintiffs, and remanded to the trial court for determination of defendants' damages for extra work performed by defendants in excavating two main canals on the property. In all other respects, the final judgment was affirmed. Bryan and Sons Corp. v. Klefstad, Fla.App. 1970, 237 So.2d 236.
On remand, defendants contended before the trial court that their award should be increased not only as to those items specified by the appellate court, but also that additional compensation should be allowed for extra work allegedly performed on "sub-laterals," or side canals which intersected the two main canals at various intervals. Defendants also contended that plaintiffs were improperly awarded interest on a promissory note executed by defendants in favor of plaintiffs in connection with the transaction. The amount of the interest previously awarded in the final judgment was $2,025. Finally, it was contended by the defendants that they were entitled to interest on the award from the date of plaintiffs' alleged breach of contract, and additional attorneys' fees.
On February 24, 1971, the trial court entered a second amended final judgment. Defendants' award was increased, pursuant to this court's mandate, by the $5,000 offset damages which had been previously awarded to plaintiff, and further by an amount of $4,050 which the court determined to be the compensation earned by defendants in performing the extra work excavating the two main canals on the property. The defendants' claims for additional compensation for work on the sublaterals, and additional interest and attorneys' fees were denied. The trial court also determined that plaintiffs were not entitled to interest on the promissory note as originally awarded. This appeal from the second amended final judgment then followed.
Four issues are presented for determination: (1) whether the trial court erred in failing to award defendants additional compensation for work in excavating the sub-lateral canals; (2) whether the trial court erred in failing to award defendants interest on the amount recovered; (3) whether the court erred in failing to award defendants additional attorneys' fees; and by plaintiffs' cross-assignment of error (4) whether the trial court erred in its determination that plaintiffs were not entitled to interest on the promissory note.
Initially, in regard to the first issue, this court's decision on the prior appeal specifically determined that the contract between plaintiffs and defendants provided for a firm contract price for all work done, except certain itemized "extras." It was stated:
"We conceive the effect of it to be that irrespective of the amount of work the corporate defendant performed on the job site, it was covered under the firm contract price unless the work could clearly be shown to be `extra work'." 237 So.2d 238.
The "extra work" referred to above was specified in the contract to consist of clearing "heads," or slough areas, filling heads, 'dozer work in heads, and blasting rock. This court also determined that excavation work performed by defendants in enlarging the two main canals was extra work, for which defendants were entitled to receive additional compensation, inasmuch as the record clearly reflected that the excavation was authorized and approved by plaintiffs' engineers, and that plaintiffs had agreed to be bound by such authorizations.
*385 The record does not reflect any such authorization for enlargement of the sub-lateral canals, or indeed whether such excavation was done at all. To the extent work was done on the sub-laterals, it must be considered as covered under the firm contract price, as determined by this court on the prior appeal. The trial court therefore did not err in denying defendants additional compensation for the alleged extra work on the sub-laterals.
Defendants' second contention is that the trial court erred in not awarding interest on the amount recovered, which interest should run from the date of plaintiffs' alleged breach of the contract. Defendants correctly contend that in actions ex contractu, it is proper to allow interest at the legal rate from the date the debt was due, rather than from the date of the judgment. E.g., Nationwide Mutual Insurance Company v. Griffin, Fla.App. 1969, 222 So.2d 754.
The operation of this rule, however, presupposes that there is a debt or a liquidated claim, that is, an exact amount due and owing at a particular time. Where the judgment is for damages, interest may not be added to the amount of the judgment unless there can be a conclusive determination of an exact amount due and a date from which interest can be computed. Vacation Prizes, Inc. v. City National Bank of Miami Beach, Fla.App. 1969, 227 So.2d 352.
In the instant case, the record and this court's decision on the prior appeal make it clear that the award by the trial court was in essence a judgment for unliquidated damages. The amount of the parties' respective damages has continued to be a matter in genuine dispute, and the date of plaintiffs' alleged breach of the contract from which interest could be computed was not at all clear.
The conclusion is inescapable that there was no error in the trial court's refusal to award interest on defendants' claim.
The third issue for determination is whether the trial court erred in denying defendants' request for additional attorneys' fees. Defendants' attorneys were originally awarded $1,750 as a reasonable fee. The contention is that because defendants' recovery was increased from $2291.01, as reflected in the final judgment previously reversed, to $13,410.15 in the second amended final judgment, the award of attorneys' fees should likewise be increased.
Where the trial court is authorized to award attorneys' fees, such award being within the sound discretion of the court, the fees will not be disturbed on appeal in the absence of a clear showing of an abuse of that discretion. See Carroll v. Allen, Fla.App. 1969, 219 So.2d 69; Belman Hotel Corporation v. Maher, Fla.App. 1965, 170 So.2d 591. While the amount involved and the results obtained are relevant considerations in fixing the amount of a fee, there are many other factors which must be considered. See Florida Bar Code of Professional Responsibility, Disciplinary Rule 2-106, 32 F.S.A.
In the instant case, the trial court originally determined that $1,750 constituted a reasonable fee, based on the facts before him at that time. It is true that defendants' recovery was increased as a result of the efforts of defendants' attorneys at the appellate level. However, the fee award was based on the efforts of the attorneys at trial, not on appeal, and the trial court could have validly concluded that the attorneys had not shown that the award was inadequate in the first instance, nor that the circumstances surrounding their activities at trial had changed so as to justify alteration of the original award. Therefore, no clear abuse of the trial court's discretion in denying additional attorneys' fees having been made to appear, it was not error for the trial court to deny the additional attorneys' fees.
*386 The fourth issue for our determination presented by plaintiffs' cross-assignment of error, is whether the trial court erred in its determination that plaintiffs were not entitled to interest on a promissory note from defendants to plaintiffs. The note in question had been executed by defendants in return for an advance payment of $10,000, before work on the property had begun. The face amount of the note was $10,000, bearing interest at six per cent. Defendants conceded that the note was a valid obligation, and that plaintiffs were entitled to the face amount thereof, but on remand defendants contended that plaintiffs were not entitled to interest on the note inasmuch as the note had never become due.
The law in Florida is clear that after appeal of a judgment and its affirmance by an appellate court, the trial court is without authority to take any other action in the cause other than to carry out the mandate of the appellate court. On appeal and affirmance the judgment of the trial court becomes the judgment of the appellate court, and therefore the trial court is without authority to change, modify or alter the judgment without having obtained authorization of the appellate court. Fairfax Broadcasting Company v. Florida Airmotive, Inc., Fla.App. 1971, 252 So.2d 854.
In the instant case, the record reveals that the final judgment which was the subject of the prior appeal had awarded plaintiffs interest on the note in the amount of $2,025. That portion of the final judgment, among others, was affirmed by this court. The trial court was therefore without authority to determine on remand that plaintiffs were not entitled to the interest.
Accordingly, that part of the second amended final judgment determining that plaintiffs were not entitled to interest on the note in the amount of $2,025 is deleted, and the second amended final judgment is modified to reflect a total net recovery to defendants in the sum of $11,385.15. In all other respects, the second amended final judgment is affirmed.
Affirmed, as modified.
REED, C.J., concurs.
WALDEN, J., concurs, in part, and dissents, in part, with opinion.
WALDEN, Judge (concurring in part, and dissenting as to appellant's Points 1 and 3):
I feel, in the light of appellant's current presentment, that the contractor has been unjustly deprived of compensation for excavating additional fill from the sub-lateral canals which was done at the direction of the owner's engineers. To the extent that our initial decision reported as Bryan and Sons Corp. v. Klefstad, Fla.App. 1970, 237 So.2d 236, directed the trial court result here appealed, I would remedy it according to the principles contained in Strazzulla v. Hendrick, Fla. 1965, 177 So.2d 1.
Secondly, the trial court clearly abused its discretion in refusing to award appellant a reasonable attorney's fee as postured in its Point III. I would remand for the purpose of allowing such award.
Except for the two above points, I concur in the majority decision.