367 So.2d 665 (1979)
PARKER's MECHANICAL CONTRACTOR'S, INC., and Airvac, Appellants,
v.
EASTPOINT WATER AND SEWER DISTRICT et al., Appellees.
No. KK-122.
District Court of Appeal of Florida, First District.
February 1, 1979.
Rehearing Denied March 12, 1979.
*666 Dale E. Rice, Crestview, and Watkins & Watkins, Apalachicolo, for appellants.
Edgar Lee Elzie, Jr., East Point, for appellee Eastpoint.
MASON, ERNEST E., Associate Judge.
This is an appeal from a final judgment of the Circuit Court of Franklin County wherein the trial court held that appellant, Parker's Mechanical Contractor's, Inc., was *667 entitled to the sum of $122,686.73, principal amount, without prejudgment interest on such amount, against appellee, Eastpoint Water and Sewer District; and also held that the appellant, Airvac, was entitled to the sum of $14,636.36 against Technical Marketing, Inc., one of the appellees herein, but denied prejudgment interest on said amount.
Although Technical Marketing, Inc., was made a party appellee herein by Airvac who joined in the appeal of Parker's Mechanical Contractor's, Inc., we have not been favored by any brief filed herein by it and will decide the cause as to it based upon the point raised by Airvac and the law applicable to such issue as we find it to be from Airvac's brief and our own research.
The facts giving rise to this suit are as follows: Parker's Mechanical Contractor's, Inc. (hereinafter referred to as "Parker") was awarded a contract by Eastpoint Water and Sewer District (hereinafter referred to as the "District") to install a new vacuum collection system in Franklin County. Before letting the contract, the District realized that the type of vaults and vault covers it had planned to require were prohibitively expensive and thus the District engineers compromised on a substitute type of vault and cover. Technical Marketing, Inc. (hereinafter referred to as "Technical"), a subcontractor of Parker to furnish the vaults and covers for the project, demonstrated to the District engineers a cheaper type of vault and cover manufactured by Sonoco Products Company, a third-party defendant below, and an appellee herein (hereinafter referred to as "Sonoco"). All agreed to substitute the Sonoco product for the more expensive Ford Assembly originally planned to be used. But shortly after installation, the Sonoco covers began to break down. Parker recommended that all 250 covers be returned to Technical who had furnished them on the job, but the District engineers rejected the suggestion and decided to replace only 30 of the Sonoco covers and to continue to use the remaining 220.
This litigation began on June 4, 1976, when Airvac filed suit against the District, Parker and Technical to foreclose a mechanic's lien on the undisbursed monies contained in a fund retained by the District. Airvac's claim arose out of some valves it sold to Technical for use in the Parker-District contract job and for which it claimed there was a balance due it in the sum of $14,636.14. It was determined at the trial that the claim for a mechanic's lien was filed too late under the Mechanic's Lien Statute, and the court awarded Airvac only a monetary judgment and only against Technical to whom it had sold the valves.
In answer to Airvac's claim, each of the defendants filed general answers and cross-claims. The District filed a cross-claim against Parker and Technical alleging defective covers and pumps. Parker filed a cross-claim against the District for $122,686 for payment under the contract for work performed. Technical filed a cross-claim against Parker for $16,791, alleged to be due it under its subcontract. Also Technical filed a third-party complaint against Sonoco because of the alleged defective covers.
A pretrial conference was held and the trial court entered an order decreeing that Airvac was owed $14,636 for the valves it furnished for the project and declared that it would provide for the method and manner of payment of that claim in the final judgment. In the pretrial order the court further decreed that Parker was entitled to $122,686.73 from the District, subject to any setoffs established at the trial because of the District's cross-claim against Parker. In such pretrial order, the court stated that the parties agreed that the District owed Parker a balance under the original contract in the sum of $122,686.73, "subject to any setoffs which may be established at the trial of this cause by reason of (a) improper color coding throughout the system, (b) water and sewer pumps which did not meet contract specifications and (c) defective vault and manhole covers." (Underscoring and parentheses added.)
Further, the court stated in paragraph 3 of the pretrial order as follows:

*668 "3. The issues concerning defective color coding and water pumps are between Eastpoint Water and Parker's Mechanical. The issues on the allegedly defective manhole covers will involve the question of whether the manhole covers manufactured by Sonoco and furnished by Technical Marketing Corporation were not in accordance with specifications. If the manhole covers are found inadequate on the claim of Eastpoint Water and Sewer, the trial will then become whether this is the responsibility of the contractor, the supplier or the manufacturer. The question of inadequate manhole covers will be resolved subsequent to the issues on color codes and water and sewer pumps."
None of the parties took exception or objected to these pretrial findings of the trial court.
Trial was had before the court without jury, and after the evidence was heard, the court granted Parker's motion for directed verdict as to the pump claim, holding that the pumps had a design defect that was not Parker's fault, but denied Parker's motion for directed verdict as to the vault covers. Then the court entered final judgment in favor of Parker in the amount of $122,686.73 against the District, which was the full principal amount claimed by Parker in its cross-claim against the District which was filed October 13, 1976, but the court denied Parker's claim for prejudgment interest on the ground that the amount of Parker's claim was not liquidated but was uncertain at the time of Parker's final billing on June 21, 1976. It is from this denial of prejudgment interest that Parker appeals.
The point on the appeal of Parker is whether the court erred in denying Parker prejudgment interest on the ground that its bill was not liquidated and certain.
In this connection the record discloses that the general contract between Parker and the District provided that the District was obligated to make payment to Parker of the balance due on the contract price within 30 days of completion and acceptance of the work by the District and that in the event of the District's failure to make such payment within said time, interest at the maximum legal rate would be added to said balance to run from the end of said 30-day period and to continue until payment is received by Parker.
The contract also provided that Parker would save the District harmless from all claims growing out of the lawful demands of subcontractors, laborers and materialmen, and upon the demand of the District would furnish to it satisfactory proof that all such claims have been paid, discharged, or waived; that if Parker failed to do so, the District may withhold from Parker's unpaid compensation a sum of money deemed reasonably sufficient to pay all such lawful claims.
We affirm the final judgment's denial of prejudgment interest to Parker for the reason concluded by the trial judge  that at the end of 30 days after the project was completed and the work approved by the District's engineer and accepted by the District, the amount due to Parker was uncertain and unliquidated because of the numerous claims and cross-claims unresolved and at issue. For instance, there was Airvac's complaint for a mechanic's lien against the District, Parker and Technical, which was filed prior to the submission of Parker's final bill to the District. It is true that the court in its final judgment limited Airvac's claim to a monetary judgment against Technical and thereby held the District not liable therefor, yet in its pretrial order dated December 8, 1977, the court held that the monies due Airvac were due for valves incorporated in the water and sewer system installed for the District and were due either by Parker, Technical or the District. Because of this claim and to its extent it was evident that when Parker made demand for final payment on the contract, the amount due on the contract was uncertain and, therefore, unliquidated.
Then there was Technical's cross-claim against Parker for $16,791.45 for goods (fiberglass holding tank, valves, etc.) allegedly owed by Parker upon delivery of said goods to it during the years 1974 and 1975, and *669 used in the District's water and sewer project. At trial, Technical claimed it was owed $18,707.70 for this claim but was awarded judgment for only $12,478.95 against Parker. Clearly because of this circumstance and to the extent of Technical's actual claim against Parker, the latter's claim against the District was uncertain and unliquidated. At the time Parker made demand on the District for payment, the latter was not assured that Technical would not claim a lien just as Airvac had done.
Finally, there was the cross-claim of the District against Parker and Technical for defective vault covers.
Thus, at the time Parker claims it was due as final payment on the construction contract a liquidated sum of $122,686.73, it is evident that there were outstanding claims of various subcontractors and that Parker had not submitted proof to the District that all such claims had been paid, or that it admitted that there were such disputed claims and the alleged amounts thereof, which would have authorized the District under the general contract to withhold sufficient monies from the final payment demanded to satisfy such claim if and when they were definitely established as to existence and amounts thereof.
The fact that the District's engineer certified that the work was completed and approved by him as required by the contract before final payment was due is not proof concerning the existence or lack thereof of outstanding claims and liens claimed by subcontractors or persons furnishing materials to the project and, therefore, is not conclusive upon the issue of the right of Parker to the final payment claimed by it to be due. Furthermore, Parker's obligation before it was entitled to final payment was not only to complete the project but to obtain a discharge or waiver of all such subcontractor claims. Nor did the engineer's certificate that the work was completed and approved according to specifications foreclose the District's right to cross-claim in this litigation for alleged defective workmanship in the construction of the project. This cross-claim was filed in the Airvac main suit prior to the date  July 22, 1976  when Parker would have been entitled to its final payment had all liens and claims of subcontractors been paid and had the work been free of defective workmanship.
So it is clear from all of the above cited circumstances, coupled with the trial court's pretrial order, that prior to final judgment herein the claim of Parker against the District was an unliquidated one right up to the time that the court in its findings and final judgment settled the disputed issues and finally determined the principal amount owed to Parker after considering the evidence concerning the alleged setoffs.
We are familiar with the principle of law that in actions ex contractu it is proper to allow interest at the legal rate from the date the debt was due, rather than from the date of judgment. 9a Fla.Jur., Damages, § 87, and cases cited under footnote 9. But the rule is otherwise where there was not a conclusive determination of the exact amount due at the time of demand for payment. Here, as we have noted, there was a genuine dispute as to what was due on July 22, 1976, because of the various demands and claims of subcontractors outstanding at that time, and the dispute between Parker and the District at that time concerning defective workmanship. It is true that the court in its final judgment found that the amount demanded by Parker was the correct amount, but this was an issue of genuine dispute between these two parties until final hearing and judgment, and the damages did not become certain until the court rendered its judgment. So that in essence the judgment was one for unliquidated damages and the trial court was correct in so holding and in denying prejudgment interest. See Bryan and Sons Corp. v. Klefstad, 265 So.2d 382 (Fla. 4 DCA 1972). In the final analysis it is evident from the record that the subcontractors' claims for which Parker was responsible caused its claim to be unliquidated at the time Parker demanded payment on July 22, 1976, a date which occurred right in the *670 midst of the litigation between all the parties to the suit below. We, therefore, affirm as to the judgment for Parker against the District in the amount determined by the court, and without prejudgment interests.
We reverse the judgment in favor of Airvac against Technical because of its denial of prejudgment interest. This judgment was for an amount remaining due on a contract whereby Airvac furnished certain valves to Technical who in turn under a subcontract with Parker delivered them to the latter for incorporation into the sewer and water project under Parker's contract with the District. There was never any denial by Technical of its obligation to pay for these goods, although it was joined as a party defendant in Airvac's suit against the District and Parker. The trial court, both in its pretrial order and in its final judgment, found that Technical owed Airvac a balance of $14,636.14 for the valves which were incorporated in the system and for which demand for payment by Airvac was made on May 5, 1976. No party took exception to this finding. The only question left for consideration concerning this claim is whether Airvac is entitled to prejudgment interest dating from May 5, 1976. We hold that it is because this claim is clearly a liquidated one under the principle set forth in 9a Fla.Jur., Damages, §§ 87, 88 and Bryan and Sons Corp., supra. The trial court erred in not including prejudgment interest on its award of damages to Airvac against Technical. We, therefore reverse this award with directions to the court below to modify the judgment in Airvac's favor to include prejudgment interest at the legal rate of interest on the $14,636.14 awarded, such interest to be calculated from May 6, 1976.
Affirmed in part and reversed in part and remanded for further proceedings below in accordance with the views herein expressed in the last paragraph of this opinion.
ERVIN, Acting C.J., and MELVIN, J., concur.