384 So.2d 1326 (1980)
Darlene HOWARD, Appellant,
v.
CRAWFORD AND COMPANY, Appellee.
No. 00-296.
District Court of Appeal of Florida, First District.
June 24, 1980.
*1327 Stephen A. Smith of Smith & Smith, Lake City, for appellant.
Charles Vocelle and Frederick L. Koberlein of Brannon, Brown, Norris, Vocelle & Haley, Lake City, for appellee.
McCORD, Judge.
This appeal is from a judgment on the pleadings entered in favor of appellee in a suit brought by appellant for damages allegedly sustained as a result of appellee's fraud. We reverse.
According to the allegations of appellant's complaint, she was grievously injured in an automobile accident in which the tortfeasor was insured by Southeastern Fidelity and Casualty Insurance Company (Southeastern). Appellee Crawford and Company was the claims adjuster for Southeastern and in settlement negotiations appellee falsely represented to appellant that the Southeastern liability policy limits were $10,000 when, in fact, the policy limits were $15,000. The complaint further alleges that appellee intentionally misrepresented the policy amount with the purpose of deceiving and defrauding appellant; that relying upon appellee's misrepresentations, appellant and her parents (she was a minor at the time of the accident) were induced to settle the claim for less than the actual policy amount; that appellant and her parents were required to retain the services of an attorney, thereby incurring legal expenses in order to protect appellant's interest and to set aside the settlement agreement and releases and to thereby collect the balance of the policy limits. Appellee's motion for judgment on the pleadings asserted that appellant's amended complaint shows that appellant has not been damaged by any conduct of appellee even should the court find fraud because appellant has recovered the entire policy limits; that attorneys fees and costs are not a recoverable item of damages.
Appellant correctly contends that by moving for judgment on the pleadings, appellee admits for the purpose of the motion that it intentionally deceived appellant and her parents in order to cheat her out of $5,000. Appellee's contention that since appellant was eventually successful in recovering the balance of the policy limits she has not been damaged because attorneys fees and costs are not a recoverable item of damages misses the mark. While appellee is correct that attorneys fees for prosecuting or defending an action are not recoverable in that action in the absence of a statute or contract which makes them recoverable, this rule of law is not applicable in a suit for fraud and deceit where the damages resulting from the fraud and deceit were attorneys fees necessarily paid to correct the result of the fraud and deceit. 37 Am.Jur.2d, Fraud and Deceit, § 344, sets forth the law on this subject as follows:

*1328 ... in accordance with the general rule, where the fraudulent act of a defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, the attorneys' fees and other legal expenses incurred thereby may ordinarily be recovered in damages, provided, of course, that such fees and expenses are the natural and necessary consequences of the defendant's fraudulent act.
Appellee contends that since it was acting as the agent of Southeastern in settling the claim, appellant could not split the cause of action she brought against Southeastern to correct the result of the alleged fraud and deceit of Southeastern's agent, appellee; that appellant's attorneys fees in prosecuting that action against Southeastern would not have been recoverable in that action and, therefore, they are not recoverable here in a separate action against appellee. We do not agree with this reasoning. Here the alleged fraud was practiced upon appellant by appellee. If the allegations of the complaint are true, appellant has a cause of action against appellee for fraud and deceit to recover her damages which were the direct result of that fraud and deceit. The damages were the attorneys fees and costs incurred in the suit against Southeastern to correct the result. Appellee must answer for its alleged fraud, even though it was acting at the time as an agent of Southeastern. To rule otherwise would amount to a condonation of appellee's alleged act.
REVERSED.
LARRY G. SMITH and SHIVERS, JJ., concur.