416 So.2d 1183 (1982)
Betty Owen STINSON and Kent Spriggs, Appellants/Cross Appellees,
v.
FEMINIST WOMEN'S HEALTH CENTER, INC., Appellee/Cross Appellant.
No. AE-403.
District Court of Appeal of Florida, First District.
June 28, 1982.
Rehearing Denied August 6, 1982.
*1184 Joseph C. Jacobs and Robert King High, Jr., of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellants/cross appellees.
Baya Harrison, III, of Fuller, Johnson & Harrison, Tallahassee, for appellee/cross appellant.
WIGGINTON, Judge.
Kent Spriggs and Betty Owen Stinson, members of the Florida Bar, appeal from a final judgment in which the trial court assessed compensatory and punitive damages against them, determined the amount of their attorneys' fee for representing the appellee in a previous action, dissolved their charging liens for those fees, and awarded the appellee attorneys' fees in the action below. We affirm in part and reverse in part.
In the autumn of 1975, Spriggs and Stinson (and another attorney who is not a party to this appeal) were engaged by the Health Center to represent it in a dispute with the Florida Board of Medical Examiners and a group of individual doctors. The protracted pretrial phase of the ensuing lawsuit progressed through the federal court system until 1979, when the case was remanded for trial. Feminist Women's Health Center, Inc. v. Mohammad, 415 F. Supp. 1258 (N.D.Fla. 1976), aff'd, 586 F.2d 530 (5th Cir.1978), rehearing denied, 591 F.2d 1343 (5th Cir.1979), cert. denied, 444 U.S. 924, 100 S.Ct. 262, 62 L.Ed.2d 180 (1979). In January, 1980, shortly before the scheduled trial date, the parties reached settlement and the attorneys each filed a lien on the Health Center's $75,000 settlement proceeds. After the attorneys and their client failed to agree on the amount of their fees, the attorneys filed this action in circuit court, and the Health Center through new counsel filed a counterclaim. That is the sanitized version of the events leading to this appeal.
Spriggs and Stinson argue that the award of compensatory and punitive damages is unsupported by the record. We cannot agree.
In affirming the award of damages against the appellants, we make the following findings: First, the record supports the judge's conclusion that at the outset of the action against the doctors, these parties agreed that the attorneys should be paid at the rate of $30 per hour, not $60 per hour as Spriggs and Stinson have claimed. Second, the record supports the judge's conclusion that Spriggs and Stinson had represented to the Health Center that they would deliver the $75,000 settlement check to the Center and would then look to the Center for payment of their fees; instead, the attorneys' machinations tied up the check for months. Third, the record supports the judge's conclusion that Spriggs and Stinson obfuscated, manipulated and deceived their clients in a tortious attempt to take all of the settlement money.
*1185 Generally, punitive damages are not awardable unless the offending parties have acted with malice, moral turpitude, gross negligence, reckless indifference to the rights of others, wantonness, oppression, outrageous aggravation or fraud. See 17 Fla.Jur.2d, Damages, §§ 109, 119 and authorities cited therein. The trial judge awarded punitive damages here, finding that Spriggs and Stinson had acted "oppressively and with indifference to the persons and property rights of others," that their behavior had been "egregious" and "self serving" and "unconscionable." The trial judge did not err.
As a foundation for punitive damages,[1] the judge properly computed compensatory damages as the interest on the money that would have come to the Health Center, less the agreed-upon fees and costs, at the time of settlement. We reject the appellants' contention that an award of prejudgment interest is improper under these circumstances. See Bergen Brunswig Corporation, et al. v. Florida Department of Health and Rehabilitative Services, 415 So.2d 765 (Fla. 1st DCA 1982). We also reject the appellants' alternative argument that they, too, should be awarded prejudgment interest. The record shows that the attorneys, not the Health Center, caused the settlement funds to be out of circulation. Accordingly, the trial judge did not err in failing to require the Health Center to pay interest on the attorneys' fees and costs.
Because the record supports the judge's computation of the attorneys' fees, we disagree with the appellants' argument that their fees should be redetermined on a quantum meruit basis. Similarly, we disagree with the Health Center's cross appeal argument that the fees should be reduced or not allowed.
Nevertheless, we must reverse the portion of the final judgment that awarded the Health Center its fees in this action. It is fundamental that attorneys' fees are not recoverable in the absence of a statute or contract which makes them recoverable. Section 713.76(2), Florida Statutes, cited in the final judgment as authorizing the fee award, is inapplicable. By its terms, that statute only permits an award of attorneys' fees when the offending party has violated Section 713.76(1). Further, the parties' contract did not provide for attorneys' fees in the event of breach or default.
The Health Center, citing this Court's opinion in Howard v. Crawford and Company, 384 So.2d 1326 (Fla. 1st DCA 1980), argues that attorneys' fees may be awarded when the complaining party proves fraud. However, the attorneys' fee awarded in Howard had accrued some time earlier, in a different case. That decision manifested the widely-held view that attorneys' fees are awardable where the wrongful act has forced the aggrieved person into litigation with a third party. See generally 22 Am.Jur.2d, Damages, § 166, "Litigation against third person as result of defendant's wrongful act." The Howard opinion did not create a "fraud exception" to the general rule prohibiting the award of fees. Consequently, the trial judge was without authority to enter the fee award below.
Finally we note that the trial court dissolved the attorneys' liens and directed that full payment be made to the Health Center, which in turn was ordered to pay the appellants their portion of the judgment. Because the appellants perfected their liens before this suit was instituted, we believe that justice would be better served if the judge computed the net award for each party and ordered the clerk to disburse the funds directly.
Accordingly, the final judgment is affirmed in part, reversed in part, and remanded for further proceedings.
JOANOS, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.
NOTES
[1] Under Florida law, punitive damages are recoverable only where actual damages are shown. Martin v. Security Services, Inc., 314 So.2d 765, 772 (Fla. 1975), citing McLain v. Pensacola Coach Corp., 152 Fla. 876, 13 So.2d 221 (1943).