741 F.2d 326
 UNITED STATES of America, for the Use and Benefit of SUNBEAM
EQUIPMENT CORPORATION, a corporation,
Plaintiff-Appellee, Cross-Appellant,
v.
COMMERCIAL CONSTRUCTION CORPORATION, a corporation, and
Seaboard Surety Company, a corporation,
Defendants-Appellants, Cross-Appellees.
 No. 83-3003.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 6, 1984.
 
 William G. Cooper, Jacksonville, Fla., for defendants-appellants, cross-appellees.
 Roger W. Rizk, Jacksonville, Fla., for plaintiff-appellee, cross-appellant.
 Appeals from the United States District Court for the Middle District of Florida.
 Before RONEY, FAY and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sunbeam Equipment Corporation (Sunbeam) filed suit in October of 1980 in the Middle District of Florida, seeking to recover amounts allegedly due under a contract with Commercial Construction Corporation (Commercial). Commercial counterclaimed, alleging that Sunbeam had breached the contract and that Commercial was entitled to liquidated damages. Following a bench trial, the district court ruled in Sunbeam's favor on Commercial's counterclaim, entered judgment in Sunbeam's favor, but declined Sunbeam's request for prejudgment interest. Both parties appeal.
 
 
 2
 In 1977, Commercial entered into a contract with the United States Navy for the construction of a solid waste disposal and heat recovery system. Commercial in turn subcontracted with Sunbeam to construct the incinerators for the system, and to coordinate the integration of the incinerators into the system as a whole. It is Commercial's position that because it was a relatively small and inexperienced company, it turned to the more knowledgeable Sunbeam and contracted with it to oversee the interfacing of the various components essential to satisfactory operation of the disposal system.
 
 
 3
 Commercial entered into a second subcontract with Southern Plumbing Corporation, for the provision of pumps to fuel the Sunbeam incinerators. The pumps proved deficient in that they could not furnish sufficient fuel to the incinerators, and new pumps had to be ordered, resulting in extended delays. Commercial thereupon withheld the amount still due on its contract with Sunbeam, insisting that the delay was due in substantial part to Sunbeam's failure to coordinate the waste disposal system components.
 
 
 4
 Sunbeam filed suit for the remainder due under the contract, together with prejudgment interest, costs, and attorney's fees. Although Commercial did not have liquidated damages assessed against it by the Navy, and had recovered damages from Southern Plumbing, Commercial nevertheless asserted a counterclaim against Sunbeam for delay damages pursuant to a liquidated damages clause in the subcontract agreement.
 
 
 5
 The case proceeded to trial, and on the second day, Commercial called the president of Commercial Construction to the stand and began to adduce testimony concerning the delay damages counterclaim, when the following colloquy took place:
 
 
 6
 THE COURT: Were you assessed any liquidated damages by the Navy?THE WITNESS: Yes.
 
 
 7
 THE COURT: How much?
 
 
 8
 THE WITNESS: Well, this was a negotiated item. The Navy--Your Honor, this was a very complicated project.
 
 
 9
 MR. COOPER (Attorney for Commercial): I was getting ready to get into that.
 
 
 10
 THE COURT: All I want to know is were you assessed any. And, if so, how much?
 
 
 11
 THE WITNESS: No, we were not.
 
 
 12
 THE COURT: All right, then, I'm not going to allow you, you either. Forget the liquidated damages.
 
 BY MR. COOPER:
 
 13
 Q. All right, Mr. Reichek, I'd like to go into that area. Did the Navy--
 
 
 14
 THE COURT: Just forget the liquidated damages. If he wasn't assessed any, I'm not going to pass it on to a subcontractor, Mr. Cooper.
 
 
 15
 MR. COOPER: All right, sir.
 
 
 16
 THE COURT: Just forget it.
 
 
 17
 MR. COOPER: All right.
 
 
 18
 THE COURT: If he was not assessed any liquidated damages, I'm not going to assess any liquidated damages. Do you understand that?
 
 
 19
 MR. COOPER: Yes, sir. But I just wanted to state one small thing for the record.
 
 
 20
 THE COURT: I don't want to hear any more about liquidated damages. Go on to something else.
 
 
 21
 In the court's order of final judgment entered almost a year after trial, Commercial's counterclaim was rejected for two additional reasons: Sunbeam did not have contractual responsibility to coordinate the disposal system components, and even if it did, Commercial failed to show that the liquidated damages sought were not otherwise compensated, and therefore the liquidated damages provision operated as a penalty and was void. Accordingly, Sunbeam was permitted to recover $117,750.43, the amount stipulated between the parties as due under the subcontract agreement, offset by miscellaneous counterclaims totaling a little more than $4,000. The court declined, however, to award prejudgment interest to Sunbeam, on the grounds that Sunbeam's claim had been unliquidated.
 
 I. The Delay Damages Counterclaim
 
 22
 This is a diversity action governed by Florida law. In order for a Florida court to enforce a liquidated damages clause, it must be clear that the amount called for in the clause is compensatory and not in the nature of a penalty for breach of the contract. Hyman v. Cohen, 73 So.2d 393 (Fla.1954); Hutchinson v. Tompkins, 259 So.2d 129 (Fla.1972). If damages for breach of the contract cannot be readily and definitely ascertained at the time the contract is entered into, a liquidated damages clause is not in the nature of the penalty, and will stand, unless the court determines as a matter of equity that the liquidated amount is out of all proportion to the damages actually suffered. Hutchinson v. Tompkins.
 
 
 23
 In this case, the refusal to permit Commercial to put on its evidence of delay damages, left the district court without a basis in fact for its conclusion that the liquidated damages counterclaim should be denied. The fact that the Navy did not assess liquidated damages as such against Commercial, would not foreclose recovery of delay damages, if Commercial could demonstrate that damages arising out of the subcontract with Sunbeam were not otherwise compensated. Similarly, the court's conclusion that the liquidated damages clause was a penalty is premised upon its determination that Commercial had been unable to demonstrate that its damages were not otherwise compensated; the difficulty, however, is that Commercial was never given the opportunity to adduce evidence with respect to the extent to which its delay damages were compensated elsewhere.
 
 
 24
 The trial court's conclusion that Sunbeam was not responsible for the delay was likewise made without adequate factual predicate. Regardless of the ultimate merits of its claim that Sunbeam was responsible for coordinating the interfacing of the various components of the waste disposal system, Commercial was entitled to present evidence as to what the parties intended in imposing upon Sunbeam the responsibility of "coordination," and the trial court could not properly make a determination one way or the other without first hearing such evidence.
 
 II. Prejudgment Interest
 
 25
 Under Florida law, a party is entitled to prejudgment interest on damages awarded under a contract, only to the extent that the damage award is liquidated. Cioffe v. Morris, 676 F.2d 539, 543 (11th Cir.1982). A claim is unliquidated "when the amount of damages cannot be computed except on conflicting evidence, inferences and interpretations." Town of Longboat Key v. Carl E. Widell and Son, 362 So.2d 719, 723 (Fla. 2d D.C.A.1978). Where a sum certain is involved, however, it is proper to allow interest at the legal rate from the date of debt, despite an honest dispute as to the debt. Broward County v. Sattler, 400 So.2d 1031, 1033 (Fla. 4th D.C.A.1981).
 
 
 26
 The district court acknowledged the parties had stipulated that the amount due on the subcontract between Sunbeam and Commercial was $117,750.43. The court nevertheless held that the amount was unliquidated, presumably because the claim was subject to an unliquidated counterclaim. While it is true that where "numerous claims and cross-claims (are) unresolved and at issue" they remain unliquidated (Parker's Mechanical Contractors v. East Point Water and Sewer District, 367 So.2d 665, 668-69 (Fla. 1st D.C.A.1979)), a single liquidated claim is not rendered unliquidated by the existence of an unliquidated counterclaim:
 
 
 27
 It is generally held that an unliquidated counterclaim, even when established, does not affect the right to interest prior to judgment on the amount found to be due on a liquidated, or determinable claim, since the debtor may not defeat the creditor's right to interest on such a claim by setting up an unliquidated claim as a setoff.
 
 
 28
 Manning v. Clark, 89 So.2d 339 (Fla.1956).
 
 
 29
 The amount claimed by Sunbeam under the contract with Commercial was stipulated to, and therefore liquidated. Sunbeam is entitled to prejudgment interest on the amount claimed, reduced by the amount, if any, Commercial may properly set off on its counterclaim.
 
 
 30
 REVERSED and REMANDED.