465 So.2d 1376 (1985)
Howard WARREN, Lenore Warren and Bertha Weissman, Cross-Appellants,
v.
OLD DOMINION INSURANCE CO., Cross-Appellee.
No. 84-536.
District Court of Appeal of Florida, Fifth District.
March 28, 1985.
*1377 Frank R. Pound, Jr., of Lovering, Pound & Clifton, P.A., Cocoa, for cross-appellants.
Delia Doyle Rose of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Daytona Beach, for cross-appellee.
COBB, Chief Judge.
This appeal concerns the entitlement of the insureds to prejudgment interest under a fire policy, where the carrier contested both coverage and the amount of loss. Howard Warren, Lenore Warren and Bertha Weissman were the owners of La Paz Plaza, a shopping center in Cape Canaveral. They insured the building and its earnings against loss by fire through a policy with Old Dominion Insurance Company. On September 29, 1982, fire extensively damaged the building. The insureds submitted proof of loss to the insurer on November 9, 1982. According to the terms of the policy, an adjusted claim was to be paid within thirty days after presentation and acceptance of the proof of loss. Fifty-seven days after submission of the proof of loss (January 5, 1983), Old Dominion sent the insureds a letter of rejection of their claim.
The insureds filed suit against Old Dominion, demanding judgment for the loss with interest from the time payment was due. Old Dominion denied liability and defended on several grounds, including material misrepresentation and arson. At trial there was conflicting evidence as to the value of the loss, with estimates ranging from approximately $270,000 to approximately $500,000. The jury verdict was $328,490. Adjudication on the issue of prejudgment interest was withheld until after trial, at which time it was denied by the trial court on the basis that the damages were not liquidated prior to the verdict and judgment. The correctness of that ruling is the issue on appeal.
The trial court's denial of prejudgment interest was based on the established rule in Florida that interest may not be awarded "when the amount of the damages cannot be computed except on conflicting evidence, inferences, and interpretations." Town of Longboat Key v. Carl E. Widell and Son, 362 So.2d 719, 723 (Fla. 2d DCA 1978). See also Alarm Systems of Fla., *1378 Inc. v. Singer, 380 So.2d 1162 (Fla. 3d DCA 1980); Bryan & Sons Corp. v. Klefstad, 265 So.2d 382 (Fla. 4th DCA 1972). The underlying premise of this rule is that a person who is liable for damages cannot be in default for nonpayment of an unknown sum  i.e., a sum that cannot be conclusively ascertained prior to trial. See Fla. Jur.2d, Damages § 83, and cases cited at n. 66. In Parker's Mechanical Contractor's, Inc. v. Eastpoint Water and Sewer Dist., 367 So.2d 665 (Fla. 1st DCA), review denied, 378 So.2d 347 (Fla. 1979), prejudgment interest was denied in an action ex contractu where the court found a genuine dispute as to the amount due, even though the claimant's demand ultimately was accepted as correct by the trial court.
The insureds rely on the case of English & American Ins. Co. v. Swain Groves, Inc., 218 So.2d 453 (Fla. 4th DCA 1969), which concerned a suit on a hurricane insurance policy for recovery of citrus loss. The grove owner, Swain, estimated its loss at 50,000 boxes of fruit; the insurance carriers contended it was only 40,000. The jury agreed with the latter amount. Nevertheless, the appellate court affirmed the trial court's determination that interest was due from the date coverage was due to be paid under the policy (60 days after proof of loss), the insurer having waived objection to the form of the insured's proof of loss and having failed to make demand for appraisement within the time prescribed by the policy. The court stated:
In actions ex contractu it is proper to allow interest at the legal rate from the date the debt was due. The fact that there is an honest and bona fide dispute as to whether the debt is actually due has no bearing on the question. If it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but also to the interest at the lawful rate from the due date thereof. Parker v. Brinson Const. Co., Fla. 1955, 78 So.2d 873. Whenever a verdict liquidates a claim and fixes it as of a prior date, interest should follow from that date. Everglade Cypress Co. v. Tunnicliffe, 1933, 107 Fla. 675, 148 So. 192.
Id. at 457. The principle set forth in the last sentence quoted above was recognized, in dictum, in the Florida Supreme Court case of Behm v. Div. of Admin., Dept. of Transportation, 383 So.2d 216 (Fla. 1980).
The insureds contend that if Old Dominion had availed itself of the appraisal procedure provided by the policy (determination of amount due by two appraisers and an impartial umpire selected by them), it could have then stopped the running of interest by depositing the arbitrated amount with the registry of the court. See Employers' Liability Assurance Corp. v. Royals Farm Supply, Inc., 186 So.2d 317 (Fla. 2d DCA 1966). Having failed to pursue this remedy, the carrier is liable, according to the insureds, for interest from the date the debt was due under the policy in the amount liquidated by the jury verdict, in accordance with the rule set forth in English.
Claims brought under insurance policies can be set as of a date certain: the date upon which the amount of the claim is due to be paid to the insureds. In the instant case, the insureds contend the amount of the claim determined by the jury was due and owing to the insureds under the terms of the policy "within thirty days after presentation and acceptance of the proof of loss." The insureds interpret this provision to mean that Old Dominion had thirty days after November 9, 1982, the date of submission of the proof of loss, to inform the insureds of either acceptance or rejection of the claim. The provision cannot mean that the claim is payable only if the insurance company accepts the amount of the insured's claim as due and payable, as this would give the insurers the right to delay payment indefinitely until the company was fully satisfied with the claim. The insureds properly argue that their claim was liquidated by the judgment, according to English, thirty days after November 9.
*1379 The position of the appellant insureds is further supported by the cases of Bergen Brunswig Corp. v. State Dept. of H.R.S., 415 So.2d 765 (Fla. 1st DCA 1982), review denied, 426 So.2d 25 (Fla. 1983), and Tech Corp. v. Permutit Co., 321 So.2d 562 (Fla. 4th DCA 1975). In Tech Corp. the court held that, for the purpose of assessing prejudgment interest, the claim becomes liquidated and susceptible of prejudgment interest when a verdict fixes damages as of a prior date. In Bergen Brunswig, the First District explicitly followed Tech Corp. and deviated from the line of cases following Town of Longboat Key, supra. The court stated as follows:
... We now determine that the better view is expressed in the case of Tech Corp. v. Permutit Co., ... where the court held that, for the purpose of assessing prejudgment interest, a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date. Such a rule eliminates the unwarranted disparate treatment of those litigants who contest liability only, and those who contest the measure of damages.
Id. at 767.
Based on the logic in Bergen Brunswig, it is unreasonable that an insurer who contests the amount of loss is free from prejudgment interest, whereas an insurer who either admits the amount of loss or has it determined pursuant to an arbitration provision of the policy and disputes only liability, is forced to pay prejudgment interest. We believe that the better view is that expressed in Bergen Brunswig. We restrict this holding to cases wherein the issue is a debt owed by the insurance company as of an ascertainable date, rather than a claim for unliquidated damages arising from a breach of contract, with no fixed date for payment. We find that interest should be payable to the insureds, Howard Warren, Lenore Warren and Bertha Weissman, commencing thirty days after November 9, 1982. Accordingly, the judgment below denying prejudgment interest is reversed, and this cause is remanded for entry of a judgment consistent with this opinion.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.