476 So.2d 1366 (1985)
Leamon and Nellie Jean CHADWICK, Appellants/Cross-Appellees.
v.
Bill CORBIN, Appellee/Cross-Appellant.
No. BC-448.
District Court of Appeal of Florida, First District.
October 18, 1985.
Rehearing Denied November 15, 1985.
*1367 Richard Burton Bush of Bush & Bush, Tallahassee, for appellants/cross-appellees.
Robert B. Staats, Panama City, for appellee/cross-appellant.
MILLS, Judge.
The Chadwicks appeal a jury award of damages in their suit against attorney Bill Corbin "in contract for [his] negligence in performing his function as attorney." Corbin cross-appeals. We affirm on all issues.
The Chadwicks hired Corbin to prepare the documentation for the sale of their business. A portion of the resulting agreement required the buyers to execute and deliver to the Chadwicks security instruments in their favor on the inventory of the business. The instruments were then to be recorded in Calhoun County, Florida, and in the Office of the Secretary of State in Tallahassee. While the agreement did not specifically designate Corbin as the party responsible for the recording, he duly filed the required Form UCC-1 in Calhoun County. He did not file a copy in Tallahassee.
Some two years after the sale, the buyers filed for bankruptcy, listing the Chadwicks as secured creditors. The bankruptcy trustee searched the records at the Secretary of State's Office and, finding no security interest in their favor, notified the Chadwicks that he had a superior interest in the inventory. The trustee took no action to dispose of the inventory for ten months thereafter, when he accepted a bid for it of approximately $2,600. In the ten month interim, the inventory had suffered water damage and the premises on which it was stored was broken into at least once.
The Chadwicks sued Corbin, seeking damages for lost inventory, plus consequential and punitive damages. The latter two damage claims were stricken on a pretrial motion by Corbin. Also stricken before trial were Corbin's defenses of contributory negligence, estoppel, waiver and the statute of limitations. The court declined to grant the Chadwicks' motion in limine seeking to exclude certain evidence of the value of the inventory.
The case proceeded to trial on the issues of whether Corbin committed malpractice and damages. The parties presented conflicting *1368 expert testimony on the reasonableness of requiring Corbin to file the security interest with the Secretary of State. The court directed a verdict for the Chadwicks on this question. The jury was therefore permitted to consider only the damages issue and returned an award for the Chadwicks of $7,957.94. The Chadwicks' post-trial motion for attorney's fees pursuant to Fla.R.Civ.P. 1.380(c) was denied.
The trial court did not err in striking the Chadwicks' claims for consequential and punitive damages. In actions based on a tort arising out of a contract, damages must be such as can be said to have been within the contemplation of the parties. No damages may be recovered where losses do not usually result from or could not have been foreseen as a proximate result of a particular negligence. 17 Fla.Jur.2d Damages § 38. The consequential damages claimed by the Chadwicks clearly do not meet this standard. Neither did they plead the malice, gross negligence or fraud necessary to support an award of punitive damages. See Stinson v. Feminist Women's Health Center, Inc., 416 So.2d 1183 (Fla. 1st DCA 1982).
The Chadwicks' motion in limine was correctly denied. The purpose of such a motion is to prevent the introduction of improper evidence, the mere mention of which at trial would be prejudicial. Dailey v. Multicon Development, Inc., 417 So.2d 1106, 1107 (Fla. 4th DCA 1982). The motion herein states no reason why different valuations of the inventory were not probative to the issue of damages or so prejudicial as to outweigh their probativeness.
Fla.R.Civ.P. 1.380(c) states that "[i]f a party fails to admit... the truth of any matter as requested under Rule 1.370 (request for admissions) and if the party requesting the admissions thereafter proves ... the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof that may include attorney's fees." (emphasis supplied). Reasonable expenses must be awarded absent certain circumstances which the trial court found did not exist. However, the rule clearly provides that an award of attorney's fees as a part of those expenses is discretionary. The Chadwicks must therefore show a clear abuse of that discretion and they have not done so. We affirm on this issue.
Finally, the Chadwicks allege error in the trial court's denial of their request for prejudgment interest. In contract actions, it is proper to allow interest from the date the debt was due rather than from judgment. However, the rule presupposes an exact amount due and a date from which interest can be computed. Bryan and Sons Corp. v. Klefstad, 265 So.2d 382, 385 (Fla. 4th DCA 1972). Here, the amount of damages was disputed, and no date certain on which it was owed was alleged. In essence, therefore, the judgment was one for unliquidated damages and the trial court was correct in denying prejudgment interest thereon. See Parker's Mechanical Contractors, Inc. v. Eastpoint Water and Sewer District, 367 So.2d 665, 669 (Fla. 1st DCA 1979), citing Bryan and Sons.
Turning to the cross-appeal, Corbin alleges that the trial court erred in striking his defenses as outlined above. Review of this issue was made extremely difficult by the absence from the record of the motion to strike, the transcript of the pretrial proceeding where an oral motion and ruling were allegedly made and the total lack of reasoning in the written order striking the defenses. However, because the record as a whole reflects that these defenses are totally frivolous, we affirm the trial court's action. Neither was there error in the denial of Corbin's motion for directed verdict. He failed to demonstrate that no proper view of the evidence could possibly sustain the Chadwicks' position at trial. See Clark v. Better Construction Co., Inc., 420 So.2d 929 (Fla. 3d DCA 1982).
Corbin also appeals the trial court's grant of a directed verdict in favor of the Chadwicks on the malpractice issue. While this is a closer question, we affirm. When *1369 a judgment based on a directed verdict is appealed, the appellate court must read the evidence in a light most favorable to the party against whom the verdict is directed, resolving every conflict and inference for that party. White v. Arvanitis, 424 So.2d 886 (Fla. 1st DCA 1982). There is conflict in the expert testimony as to the reasonableness of requiring Corbin to file the security interest in Tallahassee; his experts, practitioners in the Calhoun County area, testified that such filing was often omitted. However, the Florida Statutes unequivocally state that "the proper place to file an order to perfect a security interest is ... the office of the Department of State." Section 679.401(1)(c), Florida Statutes (1981). Therefore, because Corbin undertook to perfect the security interest herein, the trial court did not err in finding as a matter of law that he had a duty to do so in the only effective manner.
We affirm.
SMITH and THOMPSON, JJ., concur.